**David WISDOM, Appellant**

v.

**STATE of North Dakota ex rel. NORTH DAKOTA REAL ESTATE COMMISSION, Appellee.**

**Civ. No. 11326.**

Supreme Court of North Dakota.

March 26, 1987.

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for plaintiff and appellant; argued by William D. Schmidt.

Dean F. Bard, Sp. Asst. Atty. Gen., Bismarck, for defendant and appellee.

MESCHKE, Justice.

The North Dakota Real Estate Commission reprimanded David Wisdom and suspended his license to sell real estate for 30 days. Upon appeal, the district court affirmed and we affirm.

In late 1984, Wisdom, an active real estate salesman, contacted Caroline Lutkat to find out if she would sell her Park Town Mobile Home Park. Lutkat indicated a willingness to sell and outlined expected terms, but she declined to sign a listing agreement. Wisdom promptly obtained an offer from Gordon and Ione Eckroth, and another from Joseph Ibach. Neither offer met Lutkat's terms and she turned them down.

In January, 1985, Lutkat asked Wisdom to submit counteroffers in writing to both the Eckroths and Ibach. Wisdom clearly understood that he was to go to Eckroths first, since Lutkat preferred them as purchasers. Wisdom came back to Lutkat, indicating that Eckroths "are out of it now," and presented a written counteroffer from Ibach, which Lutkat reluctantly accepted and signed.

Later, Lutkat learned that a contract for deed had been prepared for Wisdom and Ibach to complete the purchase as a partnership. She then contacted Gordon Eckroth, who told her that Wisdom had not presented her counteroffer to him. Eckroth said that he and his wife would have purchased at those terms. On March 22, 1985, Lutkat wrote Wisdom, stating that she would not sell to a partnership since her agreement was only with Ibach. Wisdom was dropped from the transaction and Ibach completed the purchase from Lutkat.

Eckroth complained to the North Dakota Real Estate Commission, enclosing a letter by Lutkat outlining her dissatisfaction with Wisdom. After hearing, the Commission found that Wisdom violated subparts (m) and (u) of N.D.C.C., § 43-23-11.1(1), ordered suspension of his license for 30 days for those violations, and additionally directed that he be reprimanded for the "inartful and deficient manner in which he handled the ... transaction ... specifically as to his failure to obtain a written listing agreement, failure to reduce all ... offers ... to writing ... and failure to properly represent the seller ..." The district court affirmed the decision of the Commission that Wisdom violated § 43-23-11.1(1)(m), but rejected the conclusion that he violated subpart (u).

■ On appeal, we review the Commission's decision rather than the district court's, and, like the district court, we apply the standards of review for an administrative agency decision given in N.D.C.C., § 28-32-19. *North Dakota Real Estate Commission v. Allen*, 271 N.W.2d 593 (N.D.1978).

### I. *License Suspension*

■ The Commission argues that the suspension should be affirmed under subpart (u) of N.D.C.C., § 43-23-11.1(1), although the district court rejected that reason. Subpart (u) empowers the Commission to suspend or revoke a license to sell real estate for:

"u. Failure of the licensee to reduce an offer to writing where a proposed purchaser requests that such offer be submitted to the seller, ..."

The Commission held that Wisdom violated this provision by failing "to reduce the counteroffer communicated by Caroline Lutkat [seller] to writing and present it to Gordon and Ione Eckroth [purchasers], as requested by Mrs. Lutkat."

Wisdom correctly points out that subpart (u) authorizes suspension only when a prospective purchaser requests a licensee to submit an offer to a seller and the licensee does not do so. Oddly, neither it nor any other subpart expressly authorizes suspen-

sion when a licensee fails to submit an offer of the seller to a prospective purchaser. The Commission acknowledges this is "troublesome," but asks us to construe the provision as also requiring action where a seller requests submission of an offer, so that the statute will not be "left in the uncomfortable position of saying that the agent owes a greater duty to the purchaser than to his principal, the seller."

"When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C., § 1-02-05. Since the wording of subpart (u) is clear, we cannot expand it as the Commission asks. Accordingly, we agree with the district court that the Commission's finding, that Wisdom failed to carry Lutkat's counteroffer to the Eckroths, is not an express statutory ground to suspend his license.

■ Subpart (m) of N.D.C.C., § 43-23-11.1(1) empowers the Commission to suspend or revoke a license to sell real estate for:

"m. Failing to disclose to an owner his intention or true position if he ... acquires or intends to acquire any interest in or any option to purchase property which has been listed with his office for sale or lease."

The Commission found that Wisdom violated this provision:

"8. That at the time of presenting [Ibach's] earnest money offer and obtaining Mrs. Lutkat's signature thereto, she was not advised that [Wisdom] was intending on acquiring an interest in the property for himself through a proposed partnership arrangement with Mr. Ibach."

Wisdom argues that this finding, insofar as it infers that he intended to acquire an interest in the property before Lutkat accepted Ibach's offer, is "not supported by a preponderance of the evidence." N.D.C.C., § 28-32-19(5).

But, we determine that there is sufficient evidence to support the Commission's finding. Lutkat testified that Wisdom informed her that he might acquire an inter-

est in the property *immediately after* she signed and accepted the offer. And, Gordon Eckroth testified that he and Wisdom earlier discussed the possibility of purchasing the property as partners, when the Eckroths were preparing to make their offer to purchase. Certainly, "a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D.1979).

Wisdom also contends that subpart (m) of N.D.C.C., § 43–23–11.1(1) violates the Due Process and Equal Protection Clauses of the United States Constitution. He did not raise these issues in his specifications of error nor in his brief to the district court. Wisdom first raised constitutional issues by moving to amend the judgment of the district court. He has not advanced either persuasive authority or reasoning. Our consideration of a suggested constitutional issue is guided by Justice Vogel's familiar stricture that "[o]ne who attacks a statute on constitutional grounds, ... should bring up his heavy artillery or forego the attack entirely." *So. Valley Grain Dealers v. Bd. of Cty. Com'rs*, 257 N.W.2d 425, 434 (N.D.1977). Under the circumstances, Wisdom has not sufficiently raised a constitutional issue.

We affirm the Commission's decision to suspend Wisdom's license.

## II. *Reprimand*

Wisdom argues that the Commission's decision to also reprimand him was "not in accordance with the law" since the statute empowers it only to "suspend or revoke a license." N.D.C.C., § 43–23–11.1(1). The Commission simply asserts that "the power to suspend or revoke necessarily carries

with it the lesser sanction of reprimand," without submitting any supporting authority.

Generally, if authorized by law and if justified in fact, imposition of a regulatory sanction by an administrative agency is a discretionary exercise of power. *See, e.g., Panhandle Co-op. Ass'n, Bridgeport, Neb. v. E.P.A.*, 771 F.2d 1149 (8th Cir.1985); *Butz v. Glover Livestock Commission Co.*, 411 U.S. 182, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973). The only question here is whether a reprimand is authorized by law. Since a reprimand is essentially akin to a brief suspension, we conclude that it is comprehended within the power to suspend.[1] *See also* N.D.C.C., § 31–11–05(27) ("The greater contains the less.").

We affirm the decision of the district court affirming the Commission.

ERICKSTAD, C.J., and GIERKE and VANDE WALLE, JJ., concur.

LEVINE, Justice, concurring and dissenting.

I concur in the majority rationale and result with regard to Part I—License Suspension. I dissent, however, from Part II of the opinion. I would reverse the Commission's order of reprimand and the district court's affirmance of that order.

As noted by the majority, the Commission submitted no supporting authority for its purported power to reprimand a real estate salesman. In undertaking the Commission's research, the majority cites two cases, *Panhandle Co-op. Ass'n, Bridgeport, Neb. v. E.P.A.*, 771 F.2d 1149 (8 Cir. 1985), and *Butz v. Glover Livestock Commission Co.*, 411 U.S. 182, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973), as support for the general proposition that "if authorized by law

---

**1.** House Bill 1093 was enacted by the 1987 Session of the North Dakota Legislature and signed by the Governor on March 19, 1987. See 1987 House Journal 293, 2090 and 1987 Senate Journal 1374. As enacted, it amends Section 43–23–11.1 to provide that the North Dakota Real Estate Commission "shall have the power to suspend or revoke a license, impose a monetary fine, or issue a letter of reprimand, or any combination thereof...." [underlining indicates amendment] Other amendments limit the

amount of any monetary fine to not more than $1,000, and add a new subpart (w) authorizing disciplinary action for:

"w. Any conduct which in the determination of the commission does not meet the generally accepted standard of expertise, care, or professional ability expected of real estate brokers or salesmen, provided that any disciplinary measures by the commission under this subdivision must be limited to the issuance of a letter of reprimand to the offending licensee."

and if justified in fact, imposition of a regulatory sanction by an administrative agency is a discretionary exercise of power." However, in both these cases, the statutes expressly authorized the sanctions imposed. In this case, there is no such statutory authority. Nor are there the statutory and agency guidelines that were present in the *Panhandle* case. Here, the regulatory sanction imposed by the Real Estate Commission is "not authorized by law," and is therefore not within the Commission's discretionary power.

The Commission not only suspended Wisdom's real estate license, it also issued a letter of reprimand. The statute provides only that the Commission may suspend or revoke a license. This, then, is not a case of the greater containing the lesser. This is a case of the greater *in addition to* the lesser. The statute does not provide for cumulative sanctions.

The recently amended statute set out in footnote 1 of the majority opinion authorizes the Real Estate Commission to do what the majority affirms is alright to do without any legislative authority. The pertinent amendatory language to § 43–23–11.1, NDCC, which I underscore for emphasis, reads:

> "1. The commission ... shall have the power to suspend or revoke a license, impose a monetary fine, or issue a letter of reprimand, or any combination thereof ...."

While the action of the 1987 Legislative Assembly may not be proof of what the 1973 Legislature intended when it passed § 43–23–11.1, *St. Alexius Hospital v. Eckert*, 284 N.W.2d 441, 445, n. 2 (N.D.1979), the 1987 amendment is "an aid in arriving at the correct meaning of a prior statute." *State v. Novak*, 338 N.W.2d 637, 640 (N.D. 1983). At the very least, the 1987 amendment impliedly confirms my view that the Commission, under existing law, may not cumulate sanctions.

Because § 43–23–11.1, as it presently reads, does not authorize the Commission to cumulate penalties, I would reverse the decision of the district court and the deci-

sion of the Real Estate Commission insofar as the reprimand is concerned.