STATE of North Dakota, Plaintiff and Appellee,

v.

Peter K. MARTINSONS, Defendant and Appellant.

Cr. No. 900116.

Supreme Court of North Dakota.

Nov. 13, 1990.

Patricia L. Burke (argued), States Atty., Bismarck, for plaintiff and appellee.

Carpenter Offices, Bismarck, for defendant and appellant; Deborah J. Carpenter (argued).

**1.** NDCC 12.1–23–02(1) says:
*Theft of property.* A person is guilty of theft if he:
1. Knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another with intent to deprive the owner thereof;

\* \* \* \* \* \*

The pertinent part of NDCC 12.1–23–08 says:
*Defrauding secured creditors.*

\* \* \* \* \* \*

2. A person may not destroy, remove, damage, conceal, encumber, transfer, or otherwise

MESCHKE, Justice.

Peter K. Martinsons appealed from a jury conviction of theft of property by defrauding a secured creditor. We affirm.

Martinsons borrowed $99,500 from the Security State Bank of Robinson. The Bank perfected a security interest on his livestock in Burleigh County. Martinsons sold his cattle, but did not pay at least $63,000 of the sale proceeds on his debt to the Bank. That debt remains unpaid. Martinsons was charged under NDCC 12.-1–23–02 and 12.1–23–08 with theft of property by defrauding a secured creditor.[1] He was found guilty by a jury, sentenced, and appealed.

Martinsons argues that the trial court lacked jurisdiction, that the court erred in evidentiary rulings, and that there was insufficient evidence to convict. We are unpersuaded.

■ Martinsons argues that the district court in Burleigh County had no jurisdiction because the cattle sales did not occur in Burleigh County, the cattle had been moved from his Burleigh County pasture before their sale, and the transactions with the Bank actually took place in Kidder County. Prosecution of a crime is authorized in any county where part of the offense occurred.

When a crime or public offense is committed in part in one county and in part in another, or when the acts or effects thereof constituting, or requisite to the consummation of, the offense occur in two or more counties, the jurisdiction is in either or any of said counties.

deal with property that is subject to a security interest with the intent to prevent collection of the debt represented by the security interest.

\* \* \* \* \* \*

4. A violation of subsection 2 or 3 must be prosecuted as theft under section 12.1–23–02 or 12.1–23–04. Violation of subsection 2 or 3 is a class C felony if the property has a value of more than five hundred dollars, as determined under subsection 6 of section 12.1–23–05. In all other cases, violation of this section is a class A misdemeanor.

**460**

NDCC 29–03–04. Part of Martinsons's crime occurred in Burleigh County.

 Martinsons lived in and raised cattle in Burleigh County. Although the Bank was located in Kidder County, the cattle subject to the Bank's security interest were taken from Burleigh County for sale. An act in furtherance of the crime that occurs in a county confers jurisdiction for trial of that crime in that county. *State v. Patten*, 353 N.W.2d 26 (N.D.1984); *State v. Rathjen*, 455 N.W.2d 845 (N.D.1990). Part of this crime occurred in Burleigh County. Therefore, the district court in Burleigh County had jurisdiction.

 Martinsons argues that the trial court erred in admitting the hearsay of two certified letters to him from the Bank that had been returned undelivered. Martinsons also argues that the trial court erroneously excluded cross-examination of a bank officer about insurance held by the Bank on his cattle. The undelivered letters were admitted for a narrow stated purpose, in response to Martinsons's arguments about the Bank's intent to authorize sales of the cattle, while copies of eight other letters were admitted without objection. *See* NDREv 105 on restricting evidence admitted for a limited purpose. No offer of proof was made known to the trial court on the exclusion of cross-examination about the Bank's insurance coverage on the cattle, a subject of doubtful relevancy. *See* NDREv 103(a)(2) and 401. The trial court has broad discretion on evidentiary matters and the trial court's rulings admitting and excluding evidence will not be overturned on appeal unless that discretion has been abused. *State v. Newnam*, 409 N.W.2d 79, 87 (N.D.1987). We see no abuse of discretion on these evidentiary rulings.

 Martinsons argues that the evidence did not show that his sales of cattle were unauthorized by the Bank, and did not show that he intended to prevent collection of the debt. Our standard of review of the evidence for a criminal conviction is settled.

> In such cases we do not weigh conflicting evidence, nor do we judge the credibility of witnesses; instead, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction.

*State v. Manke*, 328 N.W.2d 799, 805 (N.D. 1982) (citations omitted). There was substantial evidence to convict Martinsons.

Martinsons borrowed money from the Bank and pledged his livestock as collateral. He sold his livestock and, except for a small amount, did not pay the proceeds on his debt. There was evidence from Bank personnel that no one from the Bank authorized Martinsons to use the proceeds from the sale of the collateral for anything but repayment of the debt. Although Martinsons sought to discredit this evidence, it was weighed by the jury. "A person may not ... transfer, or otherwise deal with property that is subject to a security interest with the intent to prevent collection of the debt represented by the security interest." NDCC 12.1–23–08(2). Martinsons's sale of the livestock without delivering the proceeds to the Bank, together with the testimony of the Bank's personnel, allowed the jury to reasonably infer that Martinsons intended to prevent collection of the debt. The evidence was sufficient for the verdict of guilty.

We affirm Martinsons's conviction.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.