**STATE of North Dakota, Plaintiff and Appellee**

v.

**Thomas TROTTER, Defendant and Appellant.**

Cr. No. 940161.

Supreme Court of North Dakota.

Dec. 2, 1994.

Kristine Jensen Paranica (argued), Asst. State's Atty., Bismarck, for plaintiff and appellee.

Wayne D. Goter (argued), Bismarck, for defendant and appellant.

MESCHKE, Justice.

Thomas Trotter appealed from a jury conviction for possession of a controlled substance. We affirm.

While Trotter was under supervised probation, his residence was searched. His probation officer found marijuana in plastic bags on a shelf in Trotter's bedroom. Another occupant of the building claimed possession of the marijuana. She was arrested and charged, but shortly before her trial Trotter wrote and signed a letter stating:

> This house was leased by me, Thomas Trotter, and I hereby accept responsibility for the marijuana taken from the house at that time. It belonged to no one else.

Charges against the other resident were dropped, and Trotter was charged with violating NDCC 19–03.1–23, a class B misdemeanor, by possession of a controlled substance. Trotter was convicted, and he appealed.

Trotter alleges the trial court abused its discretion in excluding evidence that Trotter was not a marijuana user. During cross-examination of the probation officer, Trotter's attorney questioned whether Trotter was tested for drug use as a condition of his probation. The State objected, and the court ruled that neither drug testing nor usage was relevant to the material issue of willful possession. Trotter testified at the trial and was asked by his attorney, "Did you use marijuana?" Trotter responded, "No." The

State then objected, and the court responded, "There is no relevancy. Please continue." Trotter's testimony that he did not use marijuana was not stricken from the record, and during closing statements Trotter's attorney vigorously argued there was no evidence that Trotter was a marijuana user, so the jury should infer Trotter did not willfully possess marijuana.

■ Only relevant evidence is admissible. NDREv 401 and 402. The trial court has broad discretion on evidentiary matters and its admission or exclusion of evidence will not be overturned on appeal unless that discretion has been abused. *State v. Martinsons*, 462 N.W.2d 458, 460 (N.D.1990). The fact that a defendant uses or does not use a controlled substance may, under certain circumstances, be relevant to the issue of willful possession. *See State v. Shores*, 444 N.W.2d 701 (N.D.1989). However, we are not convinced the trial court either abused its discretion or committed reversible error in sustaining the State's objection to counsel's question about drug testing. *See State v. Martinsons*, 462 N.W.2d at 460; *State v. Haugen*, 458 N.W.2d 288, 292 (N.D.1990); NDREv 103(a)(2). Trotter made no offer of proof to show the substance of the expected response to the question, the timeliness of the testing, or its relevance to the possession charge.

■ Assuming the trial court should have allowed the questioning to continue, we are convinced the error was harmless, not prejudicial. Under NDREv 103(a), error cannot be predicated upon exclusion of evidence unless a substantial right of the party is affected. Error which does not affect substantial rights must be disregarded. NDRCrimP 52(a); *State v. Bohe*, 447 N.W.2d 277, 282 (N.D.1989). As *State v. Micko*, 393 N.W.2d 741, 746 (N.D.1986), states, our objective in reviewing trial court error is to determine whether the error was so prejudicial that substantial injury resulted and a different decision probably would have resulted absent the error.

The questioning of the probation officer about drug testing to show Trotter did not use marijuana would have been merely cu-

mulative of Trotter's own testimony that he did not use marijuana. Furthermore, the questioning about drug usage was only circumstantially relevant to the issue of possession, not directly probative. The omitted evidence was completely overshadowed by Trotter's written statement that the marijuana belonged to him and by the unrefuted evidence that the marijuana was found in Trotter's personal bedroom. We conclude the error, if any, was not prejudicial and would not have resulted in a different verdict.

The judgment of conviction is affirmed.

VANDE WALLE, C.J., VERNON R. PEDERSON, Surrogate Judge, and LEVINE and NEUMANN, JJ., concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of SANDSTROM, J., disqualified.