**Kathleen MAGINN, Claimant and Appellant,**

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee,**

and

**Raymond Cossette Trucking, Inc., Respondent.**

**Civil No. 960005.**

Supreme Court of North Dakota.

June 27, 1996.

Stephen D. Little, of Dietz & Little, Bismarck, for claimant and appellant.

Lawrence A. Dopson, Special Assistant Attorney General, of Zuger Kirmis & Smith, Bismarck, for appellee.

VANDE WALLE, Chief Justice.

Kathleen Maginn appealed from a district court judgment affirming the North Dakota Workers Compensation Bureau's order discontinuing her disability and rehabilitation benefits because she failed to make a good faith work trial in offered employment. We affirm.

Maginn was employed as an over-the-road truck driver by Raymond Cossette Trucking, Inc. [Cossette]. On July 17, 1990, Maginn injured her back while loading tires onto her truck. The injury was diagnosed as a lumbar sprain. The Bureau accepted Maginn's claim and paid benefits.

Maginn has not returned to work since her 1990 injury, claiming she suffers continual, disabling lower back pain which prohibits her from working. In the three years following her injury, Maginn was examined and tested by numerous physicians and health care professionals. Tests conducted have included a bone scan, MRI studies, a CT scan, spine x-rays, and an EMG, all of which show no evidence of abnormality. Physicians and health care professionals have noted that Maginn exhibited "bizarre" responses to flexion and extension maneuvers, "inappropriate illness behavior," and exaggeration of symptoms, and that Maginn did not perform honestly during functional assessments. In 1992, the Bureau hired an investigator to document Maginn's daily activities. Maginn was observed bending at the waist to lift boxes, climbing on and off her motorcycle, and bending to play pool, all without any evidence of pain or discomfort.

In 1993 the Bureau arranged for an independent medical examination by Dr. Paul Larson. The examination revealed no physical cause for Maginn's claimed symptoms, and Dr. Larson noted that she had better mobility of the lumbar spine and muscular development than most people her age. He reported that Maginn "dramatizes her history and yet appears to be so very healthy and robust as she relates the story of continual, disabling pain," and noted that Maginn "demonstrated very histrionic facial grimacing … at times when a low back injury would not be causing pain." Noting that the history was "strongly suggestive of malingering," Dr. Larson concluded that there was no evidence of impairment or disability and that Maginn could return to work without limitations or restrictions.

On August 6, 1993, Cossette offered to rehire Maginn as a truck driver or dispatcher. The truck-driving position would be modified so Maginn would not have to load or unload the truck, could take rest breaks as she needed them, and would be provided a special truck which was easier to get in and out of and equipped with special "air-ride" equipment making it easier on her back.

Maginn has refused to accept Cossette's offer of reemployment, relying upon the opinion of her doctor, Dr. Thomas Williams. In response to a written request that Dr. Williams release Maginn to work in the modified truck-driving position or "provide … objective medical findings" why she was unable to accept the position, Dr. Williams provided a handwritten note:

> "No—unable to sit for prolonged periods— unable to climb in & out of truck—unable to drive for prolonged time."

The Bureau notified Maginn that her benefits would be discontinued effective September 6, 1993, because she had failed to make a good faith work trial in the offered position as required by Section 65–05.1–04, N.D.C.C. Maginn requested and received a hearing. The hearing officer issued proposed findings of fact, conclusions of law, and order concluding Maginn was not in violation of Section 65–05.1–04, N.D.C.C. The Bureau rejected the hearing officer's recommendations (see Section 28–32–13(3), N.D.C.C.), and issued its own findings, conclusions, and order discontinuing Maginn's benefits for failure to engage in a good faith work trial.[1] The district

---

1. The Bureau's findings, conclusions, and decision are sufficient to explain the rationale for not following the hearing officer's recommendations.

See *Carlson v. Job Service North Dakota*, 548 N.W.2d 389 (N.D.1996); *Schultz v. North Dakota*

court affirmed the Bureau's order, and Maginn has appealed.

■ In an appeal from a district court judgment reviewing an order of the Bureau, we review the decision of the Bureau, rather than that of the district court, and we limit our review to the record before the Bureau. *Naumann v. North Dakota Workers Compensation Bureau,* 545 N.W.2d 184 (N.D. 1996). We affirm the Bureau's decision unless its findings of fact are not supported by a preponderance of the evidence, its conclusions of law are not supported by its findings of fact, its decision is not supported by its conclusions of law, or its decision is not in accordance with the law. *Vickery v. North Dakota Workers Compensation Bureau,* 545 N.W.2d 781 (N.D.1996). In determining if the Bureau's findings of fact are supported by a preponderance of the evidence, we determine if a reasoning mind reasonably could have determined that the Bureau's factual conclusions were supported by the evidence. *Naumann, supra.*

Maginn asserts the Bureau erred in determining she was not in compliance with Section 65–05.1–04, N.D.C.C., for failing to make a good faith work trial in the modified truck-driving position. Under Section 65–05.1–04(1), N.D.C.C., an injured employee is required to seek "substantial employment." One option for such reemployment is a modified position with the same employer. Section 65–05.1–01(4)(c), N.D.C.C.

■ Maginn asserts the modified truck-driving position was not the "first appropriate option" under Section 65–05.1–01(4), because her doctor had not approved the modified position as within her limitations. The Bureau found that Maginn is physically capable of performing the modified position, and concluded return to work as a driver for Cossette is the first appropriate rehabilitation option. There was substantial medical evidence which indicates Maginn is physically capable of performing the job, and Dr. Larson specifically concluded the modified position is within Maginn's physical abilities. In challenging the Bureau's finding, Maginn relies upon Dr. Williams's handwritten note,

which contained no documentation or objective medical findings to support his cursory conclusion that Maginn could not drive a truck. On this record, we can not say that a reasoning mind could not have reasonably determined that Maginn was physically capable of performing the modified position. Cf. *Naumann, supra* (a physician's unilluminating answers to questions propounded by the Bureau did not provide sufficient basis to disregard other medical evidence). The Bureau's finding that Maginn is capable of performing the modified job is supported by a preponderance of the evidence.

■ Having been offered a return to a modified position with her former employer, Maginn was required to make a good faith work trial in the position. *Johnson v. North Dakota Workers' Compensation Bureau,* 539 N.W.2d 295 (N.D.1995). Section 65–05.1–04(4), N.D.C.C., provides, in pertinent part:

> "If the first appropriate rehabilitation option under subsection 4 of section 65–05.1–01 is return to the same, modified, or alternative occupation ... the employee is responsible to make a good faith work trial or work search. If the employee fails to perform a good faith work trial or work search, the finding of nondisability or partial disability is res judicata, and the bureau may not reinstate temporary total disability benefits or recalculate an award of partial disability benefits in the absence of a significant change in medical condition attributable to the work injury. The bureau shall recalculate the partial disability award, however, if the employee returns, in good faith, to gainful employment. If the employee meets the burden of proving that the employee made a good faith work trial or work search and that the work trial or work search was unsuccessful due to the injury, the bureau shall reevaluate the employee's vocational rehabilitation claim."

Section 65–05.1–04(6), N.D.C.C., sets forth the consequences of failure to perform a good faith work trial:

> "If, without good cause, the injured employee fails to perform a good faith work trial in a return to the same, modified, or

*Department of Human Services,* 372 N.W.2d 888    (N.D.1985).

alternative occupation ... the employee is in noncompliance with vocational rehabilitation.... In all cases of noncompliance by the employee, the bureau, by administrative order, shall discontinue lost-time benefits. If, after the bureau order becomes final, the period of noncompliance continues for sixty days, or a second instance of noncompliance occurs without good cause, the bureau has no further jurisdiction in awarding any further temporary total disability, temporary partial disability, permanent total disability, or vocational rehabilitation benefits."

■ The employee has the burden of proving compliance with the good faith work trial requirement. *Johnson, supra.* Maginn made no attempt to show that she had made any effort to comply with the requirements of the good faith work trial. Rather, she has continued her refusal to return to work in the modified position. We conclude that the Bureau did not err in determining that Maginn had failed to comply with the requirements of Section 65–05.1–04, N.D.C.C., by refusing to make a good faith work trial.

■ Maginn also challenges the appropriateness of the modified truck-driving position because it may not rehabilitate her to ninety percent of her pre-injury wage or two-thirds of the state's average weekly wage, as required by Section 65–05.1–01(3), N.D.C.C. Maginn claims that she may not earn as much as she had previously because truck drivers are paid by the mile, and she would have to take frequent rest breaks and would therefore drive fewer miles than before her injury.

■ A rehabilitation plan need not establish with certainty that the employee will immediately meet the appropriate wage threshold. *Held v. North Dakota Workers Compensation Bureau,* 540 N.W.2d 166 (N.D.1995). In *Held, supra,* 540 N.W.2d at 170, we said:

"Held misconstrues N.D.C.C. § 65–05.1–01(3) by suggesting that a failure to establish to a certainty that he will earn the statute's 'weekly wage threshold' to the penny invalidates the rehabilitation plan. 'Substantial gainful employment' is defined in part in N.D.C.C. § 65–05.1–01(3) as bona fide work 'which *offers an opportunity* to restore the employee *as soon as practical* and *as nearly as possible* to the employee's average weekly earnings at the time of injury, or to seventy-five percent of the average weekly wage in this state ..., whichever is less.' (Emphasis added)."

In this case, the proffered employment was at the same rate as Maginn had previously earned, and it certainly offered the opportunity to meet the wage threshold under the statute. Because Maginn failed to make a good faith work trial in the job, her argument that she could not drive enough miles to meet the wage threshold is purely speculative. It does not excuse her failure to make a good faith work trial.

We have considered Maginn's other arguments and find them to be without merit.[2] The judgment is affirmed.

MESCHKE, MARING and NEUMANN, JJ., concur.

SANDSTROM, Justice, concurring specially.

In an appeal from the decision of an administrative agency, N.D.C.C. § 28–32–15(4) requires the appealing party to file "specifications of error." The appealing party is limited on appeal to those issues identified in the specifications of error with sufficient specificity to fairly apprise the agency and other parties of the particular errors claimed. *Held v. North Dakota Workers Compensation Bureau,* 540 N.W.2d 166, 171 (N.D.1995) (Sandstrom, J., concurring specially). *See Berger v. State Highway Commissioner,* 394 N.W.2d 678, 686 (N.D.1986); *Wisdom v.*

2. Maginn also asserted the proffered position as a dispatcher with Cossette was not an appropriate rehabilitation option because it would have *required Maginn to move from her home in* Toledo, Ohio to Fargo, North Dakota. It is un-

necessary to discuss that issue because, even if we agreed with Maginn, she was still required to make a good faith work trial in the other appropriate option, the modified truck-driving position.

*State ex rel. North Dakota Real Estate Commission*, 403 N.W.2d 19, 22 (N.D.1987).

Maginn's boilerplate "specifications of error" are so general they could apply to any administrative agency appeal. They fail to specifically identify any error with any particularity. Because Maginn's specifications of error failed to identify any error with sufficient specificity, I would summarily affirm the agency.