Mary VETTER, Claimant and Appellant,

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU,** Appellee,

and

**Bismarck Public Schools, Respondent.**

Civil No. 960084.

Supreme Court of North Dakota.

Oct. 1, 1996.

Sandstrom, J., concurred specially and filed opinion.

Stephen D. Little, of Dietz & Little, Bismarck, for claimant and appellant.

Lawrence A. Dopson, Special Assistant Attorney General, of Zuger Kirmis & Smith, Bismarck, for appellee.

MARING, Justice.

Mary Vetter has appealed from a notice of entry of judgment,[1] which we will treat as an

---

1. While a notice of entry of judgment is not appealable, this court has said that "the interests of justice require that we treat an attempted appeal from the entry of judgment or the notice of entry of judgment as a proper appeal from the previously entered judgment." *Vanderhoof v. Gravel Products, Inc.*, 404 N.W.2d 485, 488 (N.D. 1987).

appeal from the district court judgment dismissing her appeal and affirming the Workers Compensation Bureau's order denying payment of medical bills. We reverse and remand.

Vetter injured her right arm in a fall at work in 1990. The Bureau accepted liability and ordered payment of medical benefits. In 1994, Vetter submitted bills for carpal tunnel syndrome testing and for thyroid testing. The Bureau issued an order denying payment of the bills. Vetter requested a formal hearing, and after a hearing, the hearing officer concluded that the Bureau should not be required to pay the bills submitted. On September 21, 1995, the Bureau issued its order adopting the hearing officer's recommended findings of fact and conclusions of law, and affirming its prior order denying payment of the bills.

Vetter appealed to the district court, serving the following specification of error with her notice of appeal:

"This appeal is taken upon the grounds that the decision by the Bureau is not in accordance with the law; that certain Findings of Fact made by the Bureau are not supported by a preponderance of the evidence; and that the Conclusions of Law made by the Bureau are not supported by its Findings of Fact."

On January 19, 1996, the district court issued a memorandum opinion dismissing Vetter's appeal:

"The appeal is dismissed for failure of the Appellant to comply with § 28–32–15(4), N.D.C.C. That statute requires the notice of appeal and specifications of error to specify the grounds on which the Appellant takes the appeal. The Notice of Appeal and Specifications of Error here is the boilerplate 'so general they could apply to any administrative appeal' condemned by Justice Sandstrom in his concurring opinion in *Held v. North Dakota Workers Compensation Bureau*, [540 N.W.2d 166, 171 (N.D.1995) ]."

The judgment entered dismissed Vetter's appeal and affirmed the Bureau's order of September 21, 1995. Vetter appealed, contending that the Bureau was not prejudiced by her boilerplate specification of errors, and

the district court, therefore, erred in dismissing her appeal.

Section 28–32–15(4), N.D.C.C., provides that an appeal from an order of an administrative agency "shall be taken by serving a notice of appeal and specifications of error specifying the grounds on which the appeal is taken." This court has been tolerant of unilluminating specifications of error. *See, e.g., Maginn v. North Dakota Workers Compensation Bureau*, 550 N.W.2d 412, 417 (N.D. 1996) (Sandstrom, J., concurring); *Held v. North Dakota Workers Compensation Bureau, supra*, 540 N.W.2d at 171 (Sandstrom, J., concurring); *Berger v. State Highway Comm'r*, 394 N.W.2d 678, 686 (N.D.1986) (imprecise specifications of error "read together with the transcript of the administrative hearing sufficiently alerted the Commissioner concerning this part of Berger's due process contention").

■■■ "[T]he purpose of the specificity requirement is 'to alert both the Commissioner and the trial court about what matters are truly at issue.'" *Berger*, 394 N.W.2d at 686, quoting *Palbicki v. Comm'r of Public Safety*, 347 N.W.2d 512, 515 (Minn.App.1984). Thus, prejudice, or lack of prejudice, as Vetter contends, may be a factor to consider in addressing a failure to comply with the specificity requirement of § 28–32–15(4), N.D.C.C. Other factors may include a due regard for the legislature's stated requirements, and sensitivity to the district court's increasing workload. "With fewer trial court judges and increasing caseloads, conservation of judicial resources is becoming an increasingly important consideration." *Spilovoy v. Spilovoy*, 511 N.W.2d 230, 234 n. 3 (N.D.1994). A district court should not have to "comb the record," *Naumann v. North Dakota Workers Comp. Bureau*, 545 N.W.2d 184, 187 (N.D. 1996), to discover the issues in an appeal from an administrative agency decision. *See First American Bank & Trust v. Elsberry*, 448 N.W.2d 184, 186 (N.D.1989) (a party opposing summary judgment "could not simply sit back and expect the trial court, or this court, to find a material issue of fact or a conflicting inference to be drawn from the facts"); *First Nat'l Bank v. Clark*, 332

N.W.2d 264 (N.D.1983) (court has no duty to look for evidence not brought to its attention by a party in summary judgment proceedings).

■ The time has come to compel compliance with the specificity requirement of § 28–32–15(4), N.D.C.C. Summary affirmance of an administrative agency decision is appropriate if an appellant's specifications of error "fail to specifically identify any error with any particularity." *Maginn*, 550 N.W.2d at 417 (Sandstrom, J., concurring); *Held*, 540 N.W.2d at 171 (Sandstrom, J., concurring).

■ In light of this court's past tolerance of imprecise or boilerplate specifications of error, however, upon which parties and attorneys may have relied, we conclude that the trial court should not have dismissed Vetter's appeal.[2] Vetter filed her notice of appeal of the Bureau's decision on September 25, 1995. This court's decision in *Held*, in which Justice Sandstrom first posited the possibility that a failure to sufficiently specify issues under § 28–32–15(4), N.D.C.C., might lead to summary affirmance of an administrative agency decision, was not issued until November 30, 1995.

■ State courts have used prospective application of decisions to avoid injustice "in dealing with questions having widespread ramifications for persons not parties to the action." *Kitto v. Minot Park District*, 224 N.W.2d 795, 804 (N.D.1974). This court has employed the Sunburst Doctrine of *Great Northern Ry. Co. v. Sunburst Oil & Refining Co.*, 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932), to apply decisions prospectively. *See, e.g., Bulman v. Hulstrand Constr. Co., Inc.*, 521 N.W.2d 632 (N.D.1994); *Kadrmas, Lee & Jackson, P.C. v. Bolken*, 508 N.W.2d 341 (N.D.1993); *Kitto v. Minot Park District*. In determining if we should apply a new rule of state law retroactively or prospectively, we apply factors enunciated in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30

L.Ed.2d 296 (1971). *Burr v. Kulas*, 532 N.W.2d 388 (N.D.1995). Those factors are:

"First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed, ... Second, it has been stressed that 'we must * * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' Finally, we have weighed the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretroactivity.' "

*Chevron*, 404 U.S. at 106–07, 92 S.Ct. at 355, 30 L.Ed.2d at 306. (citations omitted).

■ Upon considering the *Chevron* factors, we conclude that our decision to compel compliance with the specificity requirement of § 28–32–15(4), N.D.C.C., should be applied prospectively. Any party filing a specification of errors in an appeal from an administrative agency decision after today must comply with the requirement of § 28–32–15(4), N.D.C.C., by filing reasonably specific specifications of error calculated to identify what matters are truly at issue with sufficient specificity to fairly apprise the agency, other parties, and the court of the particular errors claimed. Noncompliance with this requirement may result in summary affirmance of the agency's decision for failure to identify any error with particularity.

The judgment is reversed and the matter is remanded to the district court for determination on the merits.[3]

VANDE WALLE, C.J., and NEUMANN and MESCHKE, JJ., concur.

---

2. The trial court's "dismissal" was improper. The court had jurisdiction. It would have been more accurate to say that the court summarily affirmed the Bureau's decision because Vetter

failed to preserve any issues by failing to identify any errors with sufficient specificity.

3. After dismissing Vetter's appeal for failure to comply with § 28–32–15(4), N.D.C.C., the dis-

SANDSTROM, Justice, concurring specially.

I, of course, agree the majority correctly enunciates the requirements of N.D.C.C. § 28–32–15(4) which I had stated in *Held v. North Dakota Workers Compensation Bureau*, 540 N.W.2d 166, 171 (N.D.1995) (Sandstrom, J., concurring specially); *Maginn v. North Dakota Workers Compensation Bureau*, 550 N.W.2d 412, 416–17 (N.D.1996) (Sandstrom, J., concurring specially).

I agree with the majority that the district court should not have dismissed the appeal. The district court should have summarily affirmed the agency, as I suggested in *Held* and *Maginn*.

Although my own observation does not confirm widespread noncompliance with the law, I understand the pragmatic reasons the majority says the law will now be enforced—prospectively. I cannot agree, however, with its legal rationale. This is not *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971); we announce no new law. We simply repeat the longstanding requirements of a clear statute.

trict court briefly addressed the merits in a conclusory fashion. Upon dismissing the appeal, the court should not have addressed the merits at all

and its remarks on the merits are dicta. On remand, the court will have an opportunity to properly determine the merits.