**Mari DEAN, Claimant and Appellant,**

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee.**

**Civil No. 960098.**

Supreme Court of North Dakota.

Oct. 1, 1996.

Stephen D. Little (argued), of Dietz & Little, Bismarck, for claimant and appellant.

Brent J. Edison (argued), Special Assistant Attorney General, of Zuger Kirmis & Smith, Bismarck, for appellee.

MARING, Justice.

Mari Dean has appealed from a district court judgment dismissing her appeal from a Workers Compensation Bureau order which dismissed her claim for benefits. We reverse and remand to the district court for consideration of the appeal on the merits.

Dean worked as a claims analyst for the Bureau. After injuring her back at work, Dean filed a claim for workers compensation benefits. The Bureau dismissed her claim, concluding Dean had intentionally made material false statements in connection with her claim and forfeited her right to benefits. *See* Section 65–05–33, N.D.C.C. Following an administrative hearing requested by Dean, the Bureau affirmed its prior order dismissing her claim.

Dean appealed to the district court. The court dismissed the appeal, concluding Dean's specifications of error failed to comply with Section 28–32–15(4), N.D.C.C. Dean appealed to this court.

Section 28–32–15(4), N.D.C.C., provides that an appeal from an administrative agency order "shall be taken by serving a notice of appeal and specifications of error specifying the grounds on which the appeal is taken." Dean's specifications of error filed in this case provided:

> "This appeal is taken upon the grounds that the decision by the Bureau is not in accordance with the law; that certain Findings of Fact made by the Bureau are not supported by a preponderance of the evidence; and that the Conclusions of Law made by the Bureau are not supported by its Findings of Fact."

These specifications of error are identical to those filed in *Vetter v. North Dakota Workers Compensation Bureau*, 554 N.W.2d

and its remarks on the merits are dicta. On remand, the court will have an opportunity to properly determine the merits.

451 (N.D.1996), which we also decide today. In *Vetter*, we concluded that these "boilerplate" specifications of error do not comply with the specificity requirements of Section 28–32–15(4), N.D.C.C. However, we applied that decision prospectively only, and remanded to the district court for consideration of Vetter's appeal on the merits. *See Vetter*, 554 N.W.2d at 453.

In accordance with *Vetter*, we reverse the judgment dismissing the appeal and remand to the district court for consideration of Dean's appeal on the merits.

VANDE WALLE, C.J., and NEUMANN and MESCHKE, JJ., concur.

SANDSTROM, Justice, concurring specially.

For the reasons set forth in my special concurrence in *Vetter v. North Dakota Workers Compensation Bureau*, 554 N.W.2d 451 (N.D.1996), I concur specially here.