1998 ND 97

**Claude SHERMAN, Claimant and Appellee,**

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU,**
Appellant,

and

**Lauer Trucking, Inc., Respondent.**

**Civil No. 970393.**

Supreme Court of North Dakota.

April 29, 1998.

Brent J. Edison, Special Assistant Attorney General, of Zuger, Kirmis, & Smith, Bismarck, for appellant.

Stephen D. Little of Dietz, Little & Haas, Bismarck, for claimant and appellee.

MARING, Justice.

[¶ 1] The North Dakota Workers Compensation Bureau appeals from the district court order remanding this case to the Bureau with instructions to adopt and apply a peer review process under section 65–05–07(3), N.D.C.C. The district court failed to follow recent controlling precedent regarding the issue of peer review, and we therefore reverse and remand this matter to the district court for consideration on the merits.

[¶ 2] Claude Sherman was injured in a trucking accident on July 7, 1986. The Bureau subsequently paid Sherman's chiropractic bills for approximately six years. The Bureau then denied liability for Sherman's chiropractic care incurred after February 19, 1993, upon the recommendation of Workers Compensation/Casualty Services (WC/CS), a firm contracted by the Bureau to perform a medical audit. In a February 23, 1993, letter, WC/CS reported to the Bureau that a WC/CS advisor had reviewed Sherman's case and recommended payment for all care through February 19, 1993, but found no medical necessity for further chiropractic services beyond that date. An internal WC/CS appeal process sustained the WC/CS advisor's initial recommendation.

[¶ 3] On August 12, 1994, Dr. Paul W. Davis, a chiropractor, conducted an independent medical examination (IME) of Sherman. In Dr. Davis' report to the Bureau, he concluded ongoing chiropractic care was not warranted and agreed Sherman was at maximum medical improvement (MMI) by February 19, 1993. On November 25, 1994, the Bureau issued an Order Denying Specific Benefits and stated the Bureau was not liable for the payment of chiropractic services received by Sherman after February 19, 1993, in connection with the July 7, 1986, work injury. Sherman requested rehearing, and an administrative hearing was held on February 16, 1996. After the administrative hearing, the administrative law judge held Sherman was not entitled to continued payments for chiropractic treatment after February 19, 1993. Accepting the ALJ's recommended decision, the Bureau affirmed its prior decision. Sherman appealed to the district court.

[¶ 4] On September 17, 1996, the district court entered judgment affirming the Bureau's decision because Sherman's Notice of Appeal and Specification of Error failed to adequately specify the grounds on which appeal was taken. Sherman appealed to this Court. The parties, however, stipulated to remand the matter back to the district court for consideration on the merits based on this Court's ruling in *Vetter v. North Dakota Workers Compensation Bureau,* 554 N.W.2d 451 (N.D.1996) (reversing dismissal by district court because of this Court's past tolerance for imprecise or boilerplate specifications of error). On the stipulated remand, the district court did not rule on the merits, but instead remanded the matter back to the Bureau with instructions to adopt a peer review process under section 65–05–07(3), N.D.C.C., and apply the process to Sherman's case.

[¶ 5] The Bureau requested reconsideration arguing the district court's opinion was contrary to this Court's opinion in *Swanson v. North Dakota Workers Compensation Bureau,* 553 N.W.2d 209 (N.D.1996) (holding the claimant lacked standing to challenge the

Bureau's claimed lack of a peer review system). The district court denied the Bureau's request for reconsideration stating, "The Court agrees with Justice Meschke's dissent in *Swanson.* The Court hopes that the North Dakota Supreme Court would adopt Justice Meschke's dissent if this case is appealed." The Bureau appeals the district court's decision to this Court.

 [¶ 6] In this case, instead of reviewing Sherman's appeal of the Bureau's decision on the merits, the district court simply remanded the matter back to the Bureau and ordered the Bureau to adopt a peer review process. In *Swanson,* however, this Court's majority opinion specifically concluded a claimant does not have standing to challenge the Bureau's claimed lack of a peer review system. 553 N.W.2d at 212. *Swanson* is controlling on this issue, and we reverse the district court's order which remanded the matter to the Bureau.

[¶ 7] Generally, on appeal, we review the Bureau's decision, not the decision of the district court. *Hausauer v. North Dakota Workers Compensation Bureau,* 1997 ND 243, ¶ 11, 572 N.W.2d 426. We have held, however, the district court's analysis is entitled to respect if its reasoning is sound and " 'because the legislatively mandated review by the district court cannot be ineffectual.' " *Feist v. North Dakota Workers Compensation Bureau,* 1997 ND 177, ¶ 8, 569 N.W.2d 1. Here, although we could review the agency's decision, the district court failed to undertake the legislatively mandated review under N.D.C.C. ch. 65–10 and ch. 28–32. There remain several issues on the merits raised by the claimant and the Bureau including, but not limited to, whether the claimant met his burden of proof that ongoing chiropractic treatments are "reasonable and appropriate" under § 65–05–07(3), N.D.C.C., and whether the Bureau adequately explained the basis of its decision. We, therefore, reverse and remand this case to the district court for consideration of the remaining issues on the merits under the appropriate standard of review.

[¶ 8] VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.