2001 ND 121

**Roland C. FLATTUM–RIEMERS, Petitioner, Appellant and Cross–Appellee,**

v.

**Jenese A. PETERS–RIEMERS, Respondent, Appellee and Cross–Appellant.**

No. 20000349.

Supreme Court of North Dakota.

July 10, 2001.

Roland C. Flattum–Riemers, pro se, Buxton; submitted on brief.

Michael A. Birrenkott and Michael L. Gjesdahl, Gjesdahl & Deitz, PLLP, Fargo, for respondent, appellee, and cross-appellant; submitted on brief.

SANDSTROM, Justice.

[¶ 1] Roland C. Flattum–Riemers appealed from a district court order affirming a judicial referee's dismissal of his application for a domestic violence protection order under N.D.C.C. ch. 14–07.1. Jenese A. Peters–Riemers cross-appealed from the order, but subsequently withdrew the cross-appeal. We conclude the referee did not err in considering documents filed less than 24 hours before the hearing or in denying Flattum–Riemers' motion for a continuance. We further conclude the referee's findings, affirmed by the trial court, are not clearly erroneous and support denial of the application for the protection order. We affirm.

I

[¶ 2] In March 2000, Peters–Riemers applied for and received a domestic violence protection order in Traill County District Court restraining Flattum–Riemers from contact with her. *See Peters–Riemers v. Riemers,* 2001 ND 62, ¶¶ 2–3, 624 N.W.2d 83. Also in March 2000, Flattum–Riemers applied to Traill County District Court for a temporary domestic violence protection order against Peters–Riemers, but the application was denied.

[¶ 3] On August 31, 2000, Flattum–Riemers filed in Grand Forks County District Court a "petition for protective relief" against Peters–Riemers, which is the subject of this appeal. Flattum–Riemers alleged that in March 1997, Peters–Riemers "charged after me several times with kitchen knives and attempted to kill" him while they lived together in Grand Forks. He stated police were summoned, Peters–Riemers was taken to a hospital, and although both were charged with offenses, those charges were dropped "[a]t our mutual insistence." Flattum–Riemers also alleged Peters–Riemers fractured several of his ribs during the summer of 1999, and in December 1999, she threatened him with a loaded revolver in his Buxton home. Police were again summoned, but no arrests

were made. Flattum–Riemers also related a verbal and physical altercation on March 4, 2000, when Peters–Riemers attempted to leave the residence with the couple's son. Flattum–Riemers was arrested and charged with felony assault after that incident. According to Flattum–Riemers, the final incidents occurred during the summer of 2000, when she contacted him, berated him, and threatened to have him arrested for violating the domestic violence protection order.

[¶ 4] Following a hearing before Judicial Referee David Vigeland, during which the parties were allowed to testify, the referee concluded Flattum–Riemers had failed to make a showing of "physical force or harm or the fear of imminent physical harm or injury," and dismissed the petition. Flattum–Riemers timely requested a review by the district court, which affirmed the referee's findings and order.

[¶ 5] The judicial referee had jurisdiction under N.D.C.C. § 27–05–30(2) and N.D. Sup.Ct. Admin. R. 13, § 5(a). The trial court had jurisdiction under N.D. Const. art. VI, § 8, N.D.C.C. § 27–05–06, and N.D. Sup.Ct. Admin. R. 13, § 11. Flattum–Riemers' appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. §§ 28–27–01 and 28–27–02(3).

## II

[¶ 6] Peters–Riemers argues that although Flattum–Riemers' appeal from the trial court's decision is timely under N.D.R.App.P. 4(a), because two of the issues were not raised before the trial court, his appeal to this Court regarding these issues was untimely because his appeal was not filed within 60 days of the judicial referee's decision. She also contends the two issues cannot be reviewed because they were not specifically identified in Flattum–Riemers' request for review of

the referee's decision filed with the trial court.

## A

[¶ 7] Under N.D. Sup.Ct. Admin. R. 13, § 10(a), the "findings and order of the judicial referee are deemed to have the effect of an order of the district court *until superseded by a written order of a district court judge.*" (Emphasis added.) A district court may review a referee's findings and order on its own initiative, and must do so if a party files a written request for review within three days after receiving notice of the referee's decision. *See* N.D. Sup.Ct. Admin. R. 13, § 11(a). Here, Flattum–Riemers timely requested review of the referee's decision. Consequently, the referee's decision did not, in itself, become an appealable order because it was effectively superseded by the trial court's written order affirming the referee's findings and order. Flattum–Riemers was not required to appeal within 60 days from both the referee's decision and the trial court's decision.

## B

[¶ 8] Peters–Riemers' argument that Flattum–Riemers effectively waived two issues by not specifically including them in his request for review is also unpersuasive. Under N.D. Sup.Ct. Admin. R. 13, § 11(a), a "request for review must state the reasons for the review." We have not addressed the specificity required for a request for review of a judicial referee's findings and order, and the meeting minutes of the committees that formulated the rule shed no light on the question. We have held issues not raised in a motion for new trial may not be raised in this Court, *see, e.g., Andrews v. O'Hearn,* 387 N.W.2d 716, 728–29 (N.D.1986), but N.D.R.Civ.P. 59(c) allows 60 days after notice of entry of judgment, or six months in the case of

newly discovered evidence, to bring the motion for new trial. We have also required specificity for specifications of error in administrative appeals under N.D.C.C. § 28–32–15(4), *see, e.g., Vetter v. North Dakota Workers Comp. Bureau,* 554 N.W.2d 451, 453–54 (N.D.1996), but N.D.C.C. § 28–32–15(1) allows 30 days to appeal from an administrative decision.

[¶ 9] A party requesting review of a judicial referee's findings and order is given only three days after receiving notice of the decision to make the request under N.D. Sup.Ct. Admin. R. 13, § 11(a). For this reason, we are reluctant to impose the specificity requirements to avoid waiver imposed in other contexts. Three days is insufficient time in many cases to obtain and analyze a record for potential errors, and to cogently and comprehensively identify them in a request for review by the trial court. Flattum–Riemers' three-page request for review in this case includes an allegation that the referee's order "lacks clear conclusions of laws and facts which would be required for a 'full hearing' on this petition." We conclude the request for review is sufficient to preserve for review the issues Flattum–Riemers has raised on appeal.

### III

■ [¶ 10] When a trial court reviews a judicial referee's decision on the record, the court examines the referee's findings of fact under the clearly erroneous standard of N.D.R.Civ.P. 52(a). *Benson v. Benson,* 495 N.W.2d 72, 77 (N.D. 1993). If the trial court confirms or accepts the referee's findings of fact, we likewise review the referee's findings under the clearly erroneous standard. *State ex rel. Melling v. Ness,* 1999 ND 73, ¶ 6, 592 N.W.2d 565. Findings of fact are clearly erroneous if they are induced by an erroneous view of the law, there is no

evidence supporting them, or, although there is some evidence supporting them, on the entire record we are left with a definite and firm conviction a mistake has been made. *Nord v. Herrman,* 2001 ND 11, ¶ 7, 621 N.W.2d 332. A referee's conclusions of law are fully reviewable. *Jorgenson v. Ratajczak,* 1999 ND 65, ¶ 5, 592 N.W.2d 527.

### A

■ [¶ 11] Flattum–Riemers argues the referee violated his due process rights and erred by allowing the submission of Peters–Riemers' affidavit and other documents less than 24 hours before the hearing. Although the affidavit and documents were filed with the court and faxed to Flattum–Riemers late in the afternoon the day before the morning hearing, the referee considered the documents over Flattum–Riemers' objection.

■ [¶ 12] Under N.D.R.Civ.P. 5(d)(2), "[a]ll affidavits, notices and other papers designed to be used upon the hearing of a motion or order to show cause shall be filed at least 24 hours before the hearing *unless otherwise directed by the court.*" (Emphasis added.) Consequently, the rule by its plain language grants the trial court discretion to direct otherwise and consider untimely filed documents. *See Whitmire v. Whitmire,* 1997 ND 214, ¶ 18, 570 N.W.2d 231. When a statute or rule of procedure allows a court discretion to admit and consider untimely filed documents, the opposing party must show prejudice resulted from the untimely response. *See Bell v. State,* 1998 ND 35, ¶ 30, 575 N.W.2d 211; *Latendresse v. Latendresse,* 294 N.W.2d 742, 747–48 (N.D.1980).

[¶ 13] The referee found Flattum–Riemers was not prejudiced by the untimely filing, and Flattum–Riemers has shown no prejudice on appeal. We conclude Flattum–Riemers was not denied

due process and the referee did not err in considering the documents filed before the hearing.

## B

[¶ 14] Flattum–Riemers argues the referee violated his due process rights and erred by denying his request for a week-long continuance to subpoena witnesses who would verify his testimony about Peters–Riemers' actions.

[¶ 15] The granting of a continuance is largely discretionary, and denial of a continuance because of the absence of a material witness is proper when the moving party does not show what the witness would testify to if present or that the facts desired cannot be proven by other available witnesses, and when there is no showing of diligence to secure the testimony of the witness by deposition or personal appearance at trial. *See Burdick v. Mann*, 60 N.D. 710, 721, 236 N.W. 340, 345 (1931). *See also State v. Erban*, 429 N.W.2d 408, 413 (N.D.1988). Furthermore, Flattum–Riemers must show prejudice resulted from the referee's denial of the motion for continuance. *See Barth v. Schmidt*, 472 N.W.2d 473, 475 (N.D.1991). In a criminal case, *State v. Brandner*, 551 N.W.2d 284, 286 (N.D.1996), this Court rejected the defendants' contention they were entitled to have an accused's testimony corroborated by an unbiased witness:

> A trial court has broad discretion on evidentiary matters, and we will not overturn its admission or exclusion of evidence on appeal unless that discretion has been abused. *State v. Trotter*, 524 N.W.2d 601, 602 (N.D.1994). Furthermore, under NDREv 103(a), error may not be predicated on a ruling that admits or excludes evidence unless a substantial right of the party is affected. *See also* NDRCrimP 52(a). By definition, cumulative testimony "would not make a significant contribution to proof of a fact." *State v. Schindele*, 540 N.W.2d 139, 142 (N.D.1995). While cumulative testimony may sometimes strengthen the weight and credibility of a defendant's testimony, *see State v. Wilson*, 466 N.W.2d 101, 103 (N.D.1991), a trial court does not necessarily abuse its discretion by excluding evidence of this nature. *See Trotter*, 524 N.W.2d at 602–603. Here, any prejudicial effect from the exclusion of the cumulative evidence was minimal because this was a bench trial rather than a jury trial. Also, although the Brandners suggest the witness's testimony may not have been entirely cumulative, they did not make an offer of proof under NDREv 103(a)(2) on how that testimony would have differed from Clarence's testimony.

*See also State v. Johnson*, 379 N.W.2d 291, 293 (N.D.1986).

[¶ 16] Flattum–Riemers does not claim he was unfairly surprised by the evidence. *See State v. Nodland*, 493 N.W.2d 697, 700 (N.D.1992); *State v. Kunkel*, 452 N.W.2d 337, 339 (N.D.1990). As in *Brandner*, this case was a bench trial rather than a jury trial. In his offer of proof, Flattum–Riemers said: "They contend that my charges are false. A lot of the charges that we are dealing with are easily verified by testimony by third-party police officers, from Chet Aubol, from Tammy Espinosa, from her son." Not only has Flattum–Riemers failed to explain why he, as the petitioner in this action, did not attempt in advance to obtain these witnesses to carry his burden of proof, but he failed in his offer of proof to show how the additional testimony would have differed from his own. Consequently, Flattum–Riemers has failed to show prejudice resulted from the denial of his motion.

[¶ 17]   We conclude the referee did not abuse his discretion in denying the motion for continuance.

## C

[¶ 18]   Flattum–Riemers argues the referee erred by not making specific findings on domestic violence, had an erroneous view of the law, erred in finding he had no real fear of Peters–Riemers, and erred in failing to rule on his motion to hold Peters–Riemers in contempt for lying in court.

[¶ 19]   As allowed by N.D.R.Civ.P. 52(a), the referee stated orally in open court his findings and conclusions following the close of the evidence. We will not remand for clarification of missing or conclusory findings if we can discern the rationale for the decision through inference or deduction. *Emter v. Emter*, 1999 ND 102, ¶ 8, 595 N.W.2d 16. The referee explained:

> Mr. Riemers, as you know, you have the burden here to establish that there is a showing of actual or imminent domestic violence and that is pursuant to 14–[07.1–02] of the North Dakota Century Code and the definitions, of course, are in Section 01 essentially including physical force or harm or the fear of imminent physical harm or injury.
>
> And the Court has considered the matter here today and I am going to conclude that you failed to meet that burden of proof and I am going to dismiss your petition here.  It seems to me that many of these events have already been litigated, at least to some extent. And despite your concerns, you continued to live with Ms. Riemers and I just don't see that they're especially relevant to today.
>
> Other courts have already considered these matters and in any case as to if they are relevant, I am not sure that

they show that you have any actual or imminent fear of her.

> The recent events are certainly disputed.  I don't consider them to be so serious . . . to present a credible threat to you of harm.
>
> Essentially, I think . . . we need . . . more of a showing of fear of imminent physical harm and bodily injury tha[n] we have here today.  And the testimony is disputed and the testimony of the respondent is at least as credible, if not more credible, than that of the petitioner.

[¶ 20]   We can discern the rationale for the referee's decision.  The referee did not believe Flattum–Riemers' version of the incidents, and to the extent he believed the incidents occurred, he found they did not meet the requirements for a domestic violence protection order.  Some of the altercations were previously adjudicated and resulted in a domestic violence protection order being issued against Flattum–Riemers.  We give great deference to a factfinder's opportunity to observe the witnesses and determine credibility. *Luna v. Luna*, 1999 ND 79, ¶ 27, 592 N.W.2d 557.  We conclude the referee's findings of fact are not clearly erroneous, and the referee did not err in dismissing Flattum–Riemers' petition for a domestic violence protection order.

## IV

[¶ 21]   Peters–Riemers asks this Court to award her attorney fees for this appeal under N.D.R.App.P. 38.

[¶ 22]   An appeal is frivolous under Rule 38 if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith. *Strom–Sell v. Council for Concerned Citizens*, 2000 ND 19, ¶ 2, 606 N.W.2d 108.

Flattum–Riemers' appeal is neither flagrantly groundless nor devoid of merit. Although Flattum–Riemers' actions may be questionable, we do not believe, at this time, they show persistence in the course of litigation evidencing bad faith. We therefore deny the request for attorney fees on appeal.

V

[¶ 23]   The order is affirmed.

[¶ 24] GERALD W. VANDE WALLE, C.J., and CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and WILLIAM A. NEUMANN, JJ., concur.