Filed 6/8/01 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

               

2001 ND 109

Kathy L. Johnson,                                                                               Plaintiff, Appellee 

                                                                                                         and Cross-

Appellant

v.

Thomas L. Johnson,                                                                       Defendant, Appellant 

                                                                                                          and Cross-

Appellee

No. 20000309

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Mikal Simonson, Judge.

VACATED AND REMANDED.

Opinion of the Court by Sandstrom, Justice.

Joanne H. Ottmar, Ottmar & Ottmar, P.O. Box 1397, Jamestown, N.D. 58402-

1397, for plaintiff, appellee, and cross-appellant; submitted on brief.

Lawrence P. Kropp, Kropp Law Offices, 105 10th Street SE, Jamestown, N.D. 58401-5549, for defendant, appellant, and cross-appellee.

Johnson v. Johnson

No. 20000309

Sandstrom, Justice.

[¶1] Thomas Johnson appealed from a divorce judgment, entered October 16, 2000, claiming the district court erred in dividing the parties’ marital property.  Kathy Johnson cross-appealed from the judgment, claiming the court erred in granting a new trial, after entry of an original judgment on October 18, 1999.  Because the trial court abused its discretion in granting Thomas Johnson’s motion for a new trial, we vacate the October 16, 2000, judgment and remand to the court for reinstatement of the judgment entered on October 18, 1999.  

I

[¶2] Thomas and Kathy Johnson were married in June 1982.  They have three children together, and the family lives in Jamestown.  Problems developed in the marriage, and the couple separated in July 1998.  In February 1999, Kathy Johnson sued to dissolve the marriage.  Following a trial, the district court entered a judgment on October 18, 1999, awarding both parties a dissolution of the marriage, awarding custody of the children to Kathy Johnson with reasonable visitation for Thomas Johnson, ordering Thomas Johnson to pay child support, and dividing the marital property.  Kathy Johnson moved for additional findings and clarification of the judgment.  Thomas Johnson moved for a new trial.  After a hearing on December 22, 1999, the court granted Thomas Johnson’s motion for a new trial.  Following the new trial, the court entered an amended judgment on August 10, 2000, modifying the marital property division, and the court entered a Second Amended Judgment on October 16, 2000, making additional modifications.

[¶3] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  The parties’ appeals are timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28-27-01.  

II

A

[¶4] In her cross-appeal, Kathy Johnson contends the trial court “erred when a new trial was granted in this matter and the original judgment as entered on October 18, 1999 should stand.”

[¶5] After the trial court entered its original judgment on October 18, 1999, Thomas Johnson filed a written motion for a new trial under N.D.R.Civ.P. 59(b), claiming the trial court “has shown an extreme bias and prejudice against him.”  During the hearing on the motion, Thomas Johnson also asserted there was newly discovered evidence entitling him to a new trial:

[T]here’s been newly discovered evidence which has transpired since the trial occurred.  And one of the first things was that Kathy had testified at the time of trial that she was getting married to a Bob Koller.  And that with his financial assistance, she could afford to pay for – make the payments on the marital home.  We have been since informed that that relationship is over.  She has no fiancee and so thus, a material change of circumstance - or material change in that, I believe her testimony was - is she couldn’t, she was going to have to go through some credit counseling even with Mr. Koller.  But if he’s out of the picture, we’re very greatly concerned on how she could possibly afford to pay for anything.

At the close of the hearing, the trial court ruled:

The newly discovered evidence regarding the non-marriage to Mr. Koller is important to me.  That was a factor in my determining that Mrs. Johnson would have the house.  I will grant Mr. Johnson’s Motion for a New Trial as to property distribution . . . .

[¶6] Under N.D.R.Civ.P. 59(b)(4), the court may vacate a decision and grant a new trial if there is newly discovered material evidence that the party, with reasonable diligence, could not have discovered and produced at the trial.  Before a new trial is granted on the ground of newly discovered evidence, it must be shown: 1) the evidence was discovered following trial; 2) the movant must have exercised due diligence in discovering the evidence; 3) the evidence must not be merely cumulative or impeaching; 4) the evidence must be material and admissible; and 5) the evidence must be such that a new trial would probably produce a different result.  
Perry v. Reinke
, 1997 ND 213, ¶ 27, 570 N.W.2d 224.   A motion for a new trial on the basis of newly discovered evidence is addressed to the discretion of the trial court, and the court’s ruling on the motion will not be overturned on appeal absent an abuse of discretion.  
Keyes v. Amundson
, 391 N.W.2d 602, 604 (N.D. 1986).  

[¶7] Ordinarily, events occurring after trial are not grounds to justify a new trial under N.D.R.Civ.P. 59(b)(4).  
See
 
Kaiser v. Kaiser
, 474 N.W.2d 63, 65 (N.D. 1991).  In 
Porter v. Porter
, 274 N.W.2d 235, 242-43 (N.D. 1979), this Court said: 

Events occurring subsequent to trial are not grounds to justify a new trial under Rule 59(b), NDRCivP.  The validity of a finding by the trial court, supported by substantial evidence on the record as to the future intentions of a party is not affected by a subsequent decision by that party to engage in conduct contrary to the finding.

. . . It is well settled that evidence which does not tend to prove a fact or condition existing at or prior to the time of trial does not constitute “newly discovered evidence.”

[¶8] Although a trial court retains jurisdiction to modify child custody and support payments, it does not retain jurisdiction to modify a final division of marital property.  
Watne v. Watne
, 391 N.W.2d 636, 638 (N.D. 1986).  After the original trial, the court divided the Johnsons’ marital property, and a judgment was entered.  The breakup of Kathy Johnson’s engagement to her fiancee after entry of the court’s judgment is not evidence tending to prove or disprove a relevant fact existing at the time of the trial and is not, therefore, newly discovered evidence for purposes of granting a new trial under N.D.R.Civ.P. 59(b)(4).  We conclude the trial court abused its discretion when it granted Thomas Johnson’s motion for a new trial on the ground of newly discovered evidence.  The Second Amended Judgment dated October 16, 2000, must therefore be vacated, and the original judgment of October 18, 1999, reinstated.

B

[¶9] In his motion for a new trial, Thomas Johnson also argued that irregularities in the proceedings denied him a fair trial, because the judge was biased against him.  He claimed the court’s award of more property to Kathy Johnson, failure to address her bad conduct in the marriage, and allowance of ex parte communication with her “via Safe Shelter assisted applications for temporary protection orders” show the court’s bias against him.  On appeal, Thomas Johnson claims the district court erred in not awarding him a new trial on this ground.  

[¶10] The district court’s denial of a motion for new trial under N.D.R.Civ.P. 59(b) will not be reversed on appeal absent a manifest abuse of discretion.  
Jarvis v. Jarvis
, 1998 ND 163, ¶ 8, 584 N.W.2d 84.  An irregularity that justifies a new trial is one that prevents a party from having a fair trial.  
State v. Ellvanger
, 453 N.W.2d 810, 815 (N.D. 1990). 

[¶11] The court acknowledged both parties had acted badly toward the other at times during the marriage.  That the court did not award Thomas Johnson the amount of marital property he wanted does not show bias by the court.  The court sought clarification by Thomas Johnson’s attorney at the December 22, 1999, hearing about his claim the court had ex parte communications:  

THE COURT: The one thing I want it to be clear on is that you’re not stating that [Kathy Johnson] contacted me directly. 

. . . .

THE COURT:  Outside of the Protection Order, are you?

MR. KROPP: I - not that I know of, no, Your Honor.

THE COURT: Okay, thank you.

MR. KROPP: The only one - the only thing that we’re saying is through the Protection Order and - it appeared, to the best of my knowledge, it was with the assistance of Safe Shelter, and Safe Shelter certainly knew that I was representing Mr. Johnson, as well, throughout these matters.  And yet no attempt was made whatsoever to involve me in those proceedings or give us an opportunity to be present, as required under the Rules of Court.

Kathy Johnson’s attorney explained there were no improper contacts:

MS. OTTMAR: . . . Mr. Kropp talks about the irregularity of the Court, talks about the issue with regard to the fact that there were Protection Orders that this Court was involved in, and also in the divorce.  What I have found, based upon looking through the file is that back in July, there was an Ex-Parte Order on July 2nd.  And after that there was a stipulation to enter Interim Order that was entered into by Mr. Kropp and Ms. Mecklenberg, so that this Court never had a hearing on that particular Protection Order that I can tell.  Then on August 11th there was another Protection Order that was filed and again there was a stipulation that was entered into by Mr. Kropp and I believe it was Ms. Mecklenberg.

And then back in December of ‘98, there was an Ex-Parte Protection Order, and there was a stipulation entered to continue the Protection Order; there was no hearing held.  And I believe that that matter was before this Court and I was present.  And I don’t recall any objection being made to this Court hearing that matter.  Then the last Protection Order that was filed after the trial in this matter.  What I understand was there was an objection filed by Mr. Kropp, but that point, even after hearing - the Court heard all of the testimony - no Protection Order was extended.  So I fail to see any bias that was exhibited by the Court towards Mr. Johnson.

[¶12] Thomas Johnson’s attorney has not disputed the facts as explained by opposing counsel, and he has failed to demonstrate how the trial court acted with or displayed bias toward his client during the proceedings in this case.  We conclude Thomas Johnson’s claim that the court was biased against him, resulting in irregularities in the proceedings, is unsubstantiated and devoid of merit.  We hold, therefore, the trial court did not abuse its discretion when it denied the motion for new trial on this ground.

III

[¶13] Having concluded the trial court erred in granting a new trial, other issues raised by the parties, relating to the substance of the judgments entered following the new trial, need not be addressed nor resolved for disposition of this appeal.  Questions whose answers are not necessary to the determination of an appeal need not be addressed.  
Blikre v. ACandS, Inc.
, 1999 ND 96, ¶ 16, 593 N.W.2d 775.  We therefore reverse the court’s order granting a new trial, vacate the Second Amended Judgment of October 16, 2000, and remand for reinstatement of the judgment entered October 18, 1999.
(footnote: 1)  

[¶14] Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

FOOTNOTES
1:    
Although Thomas Johnson attempted to appeal from the October 18, 1999, judgment, that judgment was superseded upon entry of the August 10, 2000, judgment, which, in turn, was superseded upon entry of the Second Amended Judgment on October 16, 2000.  Upon reinstatement by the trial court of the original October 18, 1999, judgment, the parties will have, under N.D.R.App.P. 4(a), 60 days from notice of entry of the judgment to file an appeal from that judgment and will also have motion practice rights as provided by the rules of procedure.