2002 ND 64

**Michael ISAAK, Petitioner and Appellee,**

v.

**David SPRYNCZYNATYK, Director, North Dakota Department of Transportation, Respondent and Appellant.**

**No. 20010291.**

Supreme Court of North Dakota.

April 16, 2002.

Ronald A. Reichert, Reichert & Herauf, P.C., Dickinson, for petitioner and appellee.

Reid A. Brady, Assistant Attorney General, Bismarck, for respondent and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] The North Dakota Department of Transportation ("Department") appealed from a district court judgment reversing an administrative hearing officer's decision to suspend the driving privileges of Michael Isaak for 365 days and imposing, instead, a suspension of 91 days. We reverse and direct the district court to reinstate the suspension for 365 days.

[¶ 2] Isaak was stopped for speeding. He smelled of alcohol and was given field sobriety tests, which he failed. Isaak submitted to a blood test, which showed he had a blood-alcohol concentration of .16 by weight. He was arrested and charged with Driving Under the Influence ("DUI").

[¶ 3] At the administrative hearing, a certified copy of Isaak's North Dakota driving record was admitted into evidence. This record showed Isaak had been arrested for a similar offense in Arkansas in 1998, and as a result had his North Dakota driving license suspended. Considering Isaak's prior violation, the administrative

hearing officer issued a decision suspending Isaak's driving privileges for 365 days, the suspension period for a second offense within five years under N.D.C.C. § 39–20–04.1(1)(b).

[¶ 4] Isaak appealed to the district court. As required by statute, Isaak submitted "specifications of error." In the specifications of error, Isaak listed the following errors:

1. The destruction of notes by the arresting officer should have prevented the introduction of the field sobriety tests and consequently there would be no probable cause.

2. There was improper foundation for the introduction of the blood test results.

3. Any other issues to be determined following a review of the hearing transcript.

[¶ 5] Despite arguing at the administrative hearing there should be no penalty enhancement because the foundation for the first offense was improper, Isaak did not list the error in the specifications of error. Nevertheless, Isaak's sole argument before the district court was there should be no penalty enhancement, because the foundation for the first offense was improper. The district court reversed the administrative hearing officer and imposed a suspension of 91 days, the suspension period for a single DUI within five years under N.D.C.C. § 39–20–04.1(1)(a).

I

[¶ 6] The Department asserts the 365–day administrative suspension should be reinstated because Isaak's specifications of error failed to identify the sole issue Isaak raised before the district court. Isaak argues, however, his inclusion of the phrase "[a]ny other issues to be determined following a review of the hearing transcript" is sufficiently specific to satisfy the requirements of N.D.C.C. § 28–32–

42(4). Although this issue was raised and argued by the Department in the appeal to the district court the district court did not address it. Both the Department and Isaak are asking us to construe the applicable statute in a particular way, and construction of a statute is a question of law, fully reviewable by this Court. *E.g., State v. Rambousek*, 479 N.W.2d 832, 834 (N.D. 1992).

[¶ 7] A party appealing from an administrative hearing officer's decision now must comply with the specifications-of-error requirement of N.D.C.C. § 28–32–42(4). Before August 1, 2001, however, these requirements were included in N.D.C.C. § 28–32–15(4), which contained identical language as N.D.C.C. § 28–32–42(4). Isaak was arrested June 8, 2001. An administrative hearing was held July 18, 2001. Isaak appealed the administrative hearing officer's decision to the district court August 16 2001, thus N.D.C.C. § 28–32–42(4) is the applicable statute. Section 28–32–42(4), N.D.C.C., provides:

> An appeal shall be taken by serving a notice of appeal and specifications of error specifying the grounds on which the appeal is taken, upon the administrative agency concerned, upon the attorney general or an assistant attorney general, and upon all the parties to the proceeding before the administrative agency, and by filing the notice of appeal and specifications of error together with proof of service of the notice of appeal, and the undertaking required by this section, with the clerk of the district court to which the appeal is taken. In an appeal of an agency's rulemaking action, only the administrative agency concerned, the attorney general, or an assistant attorney general, as well as the legislative council, need to be notified.

Isaak's third specification of error, the only specification his issue on appeal could be included within, is "boilerplate" "so general [it] could apply to any administrative agency appeal." *Held v. North Dakota Workers Compensation Bureau*, 540 N.W.2d 166, 171 (N.D.1995)(Sandstrom, J., concurring). *See also Vetter v. North Dakota Workers Compensation Bureau*, 554 N.W.2d 451, 453–54 (N.D.1996)(holding specifications of error in an appeal from an administrative hearing must be sufficiently specific to identify the particular issues asserted on appeal). Although the time for appeal in the matter is brief, Isaak argued the issue at the administrative hearing and was obviously aware of the issue. Isaak failed to satisfy the requirements of N.D.C.C. § 28–32–42(4).

## II

[¶ 8] In any event, evidence of Isaak's prior violation was properly before the administrative hearing officer in the form of a certified copy of Isaak's driving record and it was, therefore, appropriate for the administrative hearing officer to consider the prior violation when assigning a penalty for the current offense.

[¶ 9] Section 39–20–05(4), N.D.C.C., provides:

> At a hearing under this section, the regularly kept records of the director may be introduced. Those records establish prima facie their contents without further foundation. For purposes of this chapter, the following are deemed regularly kept records of the director: any copy of a certified copy of an analytical report of a blood, urine, or saliva sample received by the director from the state toxicologist or a law enforcement officer, a certified copy of the checklist and test records received by the director from a certified breath test operator, and any copy of a certified copy of a certificate of the state toxicologist relating to approved methods, devices, operators, ma-

terials, and checklists used for testing for alcohol concentration received by the director from the state toxicologist, or the recorder, unless the board of county commissioners has designated a different official to maintain the certificate. Section 39–20–05(4), N.D.C.C., does not list "driving record" as a record deemed to be a regularly kept record, but nothing in the statute suggests this list is an exhaustive compilation of regularly kept records. Further, N.D.C.C. § 39–06–22 provides:

> The director shall file all accident reports and abstracts of court records of convictions received by the director under the laws of this state and in connection therewith maintain convenient records or make suitable notations in order that an individual record of each licensee showing the convictions of such licensee and the traffic accidents in which the licensee has been involved shall be readily ascertainable and available for the consideration of the director upon any application for renewal of license and at other suitable times.

Thus, the director has a statutory obligation to regularly keep driving records. Accordingly, Isaak's driving record is a regularly kept record, and establishes prima facie its contents.

■ [¶ 10] We review an administrative suspension of a driver's license under N.D.C.C. ch. 28–32, the Administrative Agencies Practice Act. *North Dakota Dep't of Transp. v. DuPaul,* 487 N.W.2d 593, 595 (N.D.1992). We affirm the Department's decision unless we conclude:

> 1) the decision is not in accordance with the law; 2) the decision violates the constitutional rights of the appellant; 3) provisions of the Administrative Agencies Practice Act were not complied with in the proceedings before the agency; 4) the agency's rules or procedures have not afforded the appellant a fair hearing;

> 5) the agency's findings are not supported by a preponderance of the evidence; or 6) the conclusions of law and the agency's decision are not supported by its findings of fact.

*North Dakota Dep't of Transp. v. DuPaul,* 487 N.W.2d 593, 595(citation omitted); *see also Houn v. North Dakota Dep't of Transp.,* 2000 ND 131, ¶ 5, 613 N.W.2d 29.

[¶ 11] A certified copy of Isaak's driving record was admitted into evidence before the administrative hearing officer. Isaak's driving record showed a prior DUI violation for an offense committed in 1998. Isaak's driving record further showed a notice of an opportunity for hearing was issued for the 1998 DUI violation and that, as a result of this first DUI, Isaak's North Dakota driver's license was suspended for 91 days.

■ [¶ 12] The DUI Isaak was most recently arrested for was, according to the record, his second DUI violation. As a result, the Department was obligated to suspend Isaak's license for 365 days instead of 91 days under N.D.C.C. § 39–20–04.1(1)(providing different penalties for a single offense and for second offense within five years). If Isaak wished to escape this result he should have challenged the 1998 DUI violation and resulting suspension. By arguing the 1998 DUI violation should not now cause a penalty enhancement, Isaak is mounting a collateral challenge to the 1998 conviction. This he cannot do. *State v. Larson,* 419 N.W.2d 897, 898 (N.D.1988)(explaining "the proper time to challenge the validity of a driver's license suspension is at a hearing on the suspension").

### III

[¶ 13] The judgment is reversed.

[¶ 14] CAROL RONNING KAPSNER, MARY MUEHLEN MARING and WILLIAM A. NEUMANN, JJ., concur.

SANDSTROM, Justice, concurring specially.

[¶ 15] Because part I of the majority opinion is dispositive of the appeal, and because—as the majority holds in part I—the issue in part II was not properly raised on appeal, I would not reach the issue in part II. *See* N.D.C.C. § 28–32–42(4); *Johnson v. Johnson*, 2001 ND 109, ¶ 13, 627 N.W.2d 779 (we need not answer questions that are not necessary to the determination of an appeal); *Vernon v. North Dakota Workers Comp. Bureau*, 1999 ND 153, ¶ 27, 598 N.W.2d 139 (we decline to address issues not preserved for our review).

[¶ 16] Dale Sandstrom