2014 ND 23

**Michael A. HAMRE, Appellant**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Appellee.**

No. 20130257.

Supreme Court of North Dakota.

Feb. 13, 2014.

866

Douglas Bruce Anderson, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for appellee.

Timothy Charles Lamb, Grand Forks, ND, for appellant.

CROTHERS, Justice.

[¶ 1] Michael A. Hamre appeals a district court order affirming a North Dakota Department of Transportation ("DOT") order disqualifying his commercial driver's license for one year. Hamre argues that DOT misapplied the law by considering the administrative suspension of his noncommercial license a "conviction" under N.D.C.C. § 39–06.2–10(7) (2011), that N.D.C.C. § 39–06.2–10(7) (2011) is void for vagueness, that the one-year suspension of his driving privileges commenced on May 29, 2012, rather than on January 13, 2013 and that he is entitled to attorney fees and costs. We affirm.

I

[¶ 2] Hamre, a truck driver from Petersburg, North Dakota, was arrested on May 3, 2012 for driving under the influence. A Grand Forks County Deputy Sheriff issued a report and notice to Hamre on May 3, 2012. Hamre's Class D noncommercial license was suspended for ninety-one days, beginning May 28, 2012. DOT issued an order of disqualification for Hamre's commercial license on May 29, 2012, suspending Hamre's commercial driving privileges for one year beginning June 18, 2012. The disqualification order notified Hamre that if he requested a hearing, disqualification would be postponed pending a final decision. Hamre requested a hearing, and an administrative hearing was held on June 29, 2012. The hearing was continued to August 17, 2012 to allow Hamre to file a petition for writ of mandamus to argue he was not given a report and notice as part of his May 3, 2012 arrest. The district court denied Hamre's petition for writ of mandamus on August 14, 2012.

[¶ 3] A DOT hearing officer issued a recommended decision on December 24, 2012. The hearing officer concluded the administrative suspension of a noncommercial driver's license is a "conviction" for purposes of a commercial driver's license disqualification. The hearing officer interpreted N.D.C.C. § 39–06.2–10(7) (2011) using the definition of conviction found in N.D.C.C. § 39–06.2–02(8) (2011). Hamre requested reconsideration of the hearing officer's recommended decision based upon the dismissal of his criminal charge stemming from the May 3, 2012 DUI. The hearing officer denied Hamre's petition for reconsideration because an administrative suspension is not affected by a judicial acquittal or charge reduction. DOT disqualified Hamre's commercial driver's license for one year beginning January 13, 2013.

[¶ 4] Hamre appealed DOT's order to the district court, arguing that DOT erro-

neously applied chapter 39–06.2, N.D.C.C., and that the statute is unconstitutionally vague and ambiguous. The district court held the May 28, 2012 suspension of Hamre's noncommercial driving privileges is an offense meriting suspension of his commercial driving privileges. The district court also held a "conviction" for the purposes of suspending driving privileges can arise from administrative determinations. The district court declined to address Hamre's argument about the commencement date of his commercial driver's license disqualification because it was not included in his specifications of error. The district court entered judgment on June 24, 2013. Hamre appeals.

## II

[¶ 5] The Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, governs the review of an administrative agency decision to suspend a person's driving privileges. *Painte v. Dep't of Transp.*, 2013 ND 95, ¶ 6, 832 N.W.2d 319. This Court reviews the agency's decision on appeal from the district court. *Id.* "Courts exercise limited review in appeals from administrative agency decisions, and the agency's decision is accorded great deference." *Id.* (quoting *Berger v. N.D. Dep't of Transp.*, 2011 ND 55, ¶ 5, 795 N.W.2d 707). "We review an administrative agency decision under N.D.C.C. § 28–32–49 in the same manner as the district court under N.D.C.C. § 28–32–46." *Painte*, at ¶ 6. We must affirm an agency's decision unless:

"1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge."

N.D.C.C. § 28–32–46. Although this Court reviews the agency's findings and decisions, "the district court's analysis is entitled to respect if it is sound." *Morrow v. Ziegler*, 2013 ND 28, ¶ 6, 826 N.W.2d 912.

[¶ 6] "Statutory interpretation is a question of law subject to full review upon appeal." *Harter v. N.D. Dep't of Transp.*, 2005 ND 70, ¶ 7, 694 N.W.2d 677. "When an 'appeal involves the interpretation of a statute, a legal question, this Court will affirm the agency's order unless it finds the agency's order is not in accordance with the law.'" *Id.* (citation omitted).

## III

[¶ 7] Hamre's stated issues on appeal are that DOT misapplied the law by considering the administrative suspension of his noncommercial license a "conviction" under N.D.C.C. § 39–06.2–10(7) (2011), that N.D.C.C. § 39–06.2–10(7) (2011) is void for vagueness, that the one-year suspension of his commercial driving privileges commenced on May 29, 2012, rather than on January 13, 2013 and that he is

entitled to attorney fees. DOT asserts Hamre did not sufficiently articulate the first and third issues in his petition for judicial review, in accordance with the requirements of N.D.C.C. § 28–32–42(4).

[¶ 8] For judicial review "[u]nder N.D.C.C. § 39–20–06, a person appealing to the district court from the Department's decision to suspend driving privileges must comply with the specification-of-error requirement of N.D.C.C. § 28–32–42(4)." *Daniels v. Ziegler*, 2013 ND 157, ¶ 7, 835 N.W.2d 852.

"Both statutes require the filing of specifications of error. To comply with the requirements of N.D.C.C. § 28–32–42(4), the specifications of error must 'identify what matters are truly at issue with sufficient specificity to fairly apprise the agency, other parties, and the court of the particular errors claimed.' *Vetter v. N.D. Workers Comp. Bureau*, 554 N.W.2d 451, 454 (N.D.1996). This Court stated that after its decision in *Vetter*, it would no longer tolerate imprecise or boilerplate specifications of error. *See generally id.* Boilerplate specifications of error are those that are general enough to apply to any administrative agency appeal. *Sonsthagen v. Sprynczynatyk*, 2003 ND 90, ¶ 14, 663 N.W.2d 161. This rationale has also been applied in driver's license suspension cases. *Id.* Furthermore, the same purpose for filing the specifications of error applies under both statutes—to prevent meaningless specifications of error. We recognize that compliance with the specifications-of-error requirement, because of the different time limitations for filing, may be more difficult under N.D.C.C. § 39–20–06, but this is for the legislature to address."

*Id.* (quoting *Dettler v. Sprynczynatyk*, 2004 ND 54, ¶ 15, 676 N.W.2d 799).

[¶ 9] Hamre's specification of error in his petition for judicial review stated: "Among his claims, Petitioner argues that the DOT erroneously applied NDCC Chapter 39–06.2 in its application of the law; or otherwise, he argues the statute is unconstitutional on its face because it is vague and ambiguous." Hamre's specification of error that "the DOT erroneously applied NDCC 39–06.2 in its application of the law" constitutes a minimally sufficient specification of error for review of his first issue. While DOT argues Hamre parrots the provision that a district court must affirm the order of the agency unless it finds "[t]he order is not in accordance with the law," as stated in N.D.C.C. § 28–32–46(1), Hamre specifically directs review to the commercial driver's license provisions in chapter 39–06.2, N.D.C.C. This specification is not so general that it could be applied to any administrative agency appeal, and it provides more detail than the cases in which this Court concluded the specifications of error was "boilerplate." *See Dettler*, 2004 ND 54, ¶ 16, 676 N.W.2d 799 (stating that "[t]he Hearing Officer's Decision is not in accordance with the law and is in violation of the Appellant's constitutional and statutory rights" is boilerplate); *Isaak v. Sprynczynatyk*, 2002 ND 64, ¶¶ 4, 7, 642 N.W.2d 860 (stating that "[a]ny other issues to be determined following a review of the hearing transcript" is boilerplate and applicable to any administrative agency appeal). Further, while Hamre challenges the application of chapter 39–06.2, his petition for judicial review specifically discusses that claim in the narrow context of a commercial driver's license disqualification, thereby directing review to the disqualification statute, N.D.C.C. § 39–06.2–10. Therefore, although not a model of clarity and specificity, Hamre's specification of error was not "boilerplate" in regard to his first issue

because it could only apply to a commercial driver's license disqualification.

[¶ 10] Hamre argues "the statute is unconstitutional on its face because it is vague and ambiguous." DOT does not take issue with that specification of error. Hamre's third issue argues the commencement date of his commercial driver's license suspension started on May 29, 2012, rather than on January 13, 2013. Hamre's petition for judicial review does not specify an error regarding the commencement date of his commercial driver's license disqualification. The district court correctly held Hamre's argument concerning his suspension date was not preserved for judicial review because it was not included in his specifications of error. Hamre's final issue concerns the award of attorney fees if this Court reverses DOT's order of disqualification. This issue was properly raised on appeal.

[¶ 11] The only issue on appeal not in accordance with N.D.C.C. § 28–32–42(4) is Hamre's issue three concerning the commencement date of his suspension. We decline to address Hamre's argument about the suspension date but proceed to address the remaining issues.

IV

[¶ 12] Hamre argues two competing definitions of the term "conviction" existed within the Century Code at the time of his DUI. Section 39–06.2–10(7), N.D.C.C. (2011), provides: "For a first conviction of driving while under the influence of alcohol … a commercial driver's licenseholder must be disqualified from operating a commercial motor vehicle for one year." Section 39–06.2–02(8), N.D.C.C. (2011), includes as "convictions" an administrative tribunal determination that a person violated or failed to comply with the law. Hamre alleges N.D.C.C. § 39–06.2–02(8) (2011) was in direct conflict with

N.D.C.C. § 39–06–30 (2011), now repealed, limiting convictions to a final order or judgment of conviction by a court. This Court used statutory interpretation principles in *Bienek v. Dept. of Transp.*, a case considering a lifetime suspension of Bienek's commercial privileges for a second DUI conviction under N.D.C.C. § 39–06.2–10(8) (2011), to determine:

> "The definition of 'conviction' in N.D.C.C. § 39–06.2–02(8) is a special provision applicable to commercial driver's licenses that conflicts with the definition of 'conviction' in N.D.C.C. § 39–06–30, a general provision applicable to motor vehicle operator's licenses.… Therefore, the definition of 'conviction' found in N.D.C.C. § 39–06.2–02(8) must be used when interpreting N.D.C.C. § 39–06.2–10(8)."

*Bienek*, 2007 ND 117, ¶ 9, 736 N.W.2d 492. In *Bienek* we held the DOT's decision to suspend driving privileges is a determination by an authorized administrative tribunal under N.D.C.C. § 39–06.2–02(8) (2011) and a conviction under N.D.C.C. § 39–06.2–10(8). *Id.* at ¶¶ 10–11. The same principle holds true in this case when considering a first DUI conviction under N.D.C.C. § 39–06.2–10(7) (2011). While in conflict with N.D.C.C. § 39–06–30 (2011)'s general provision contemplating that "conviction" is limited to final orders or judgments of convictions by a state court, N.D.C.C. § 39–06.2–02(8) (2011)'s special provision contemplating a definition of "conviction" that includes administrative tribunal determinations must be used when considering a first DUI conviction under N.D.C.C. § 39–06.2–10(7) (2011).

[¶ 13] Hamre argues his case is distinguishable from *Bienek* because that case involved a lifetime suspension under N.D.C.C. § 39–06.2–10(8) (2011) rather than a one-year suspension under

N.D.C.C. § 39–06.2–10(7) (2011) because Hamre's suspension occurred after his criminal DUI charge was dropped and because Bienek did not challenge his suspension from DOT. This Court's interpretation of the word "conviction" in the commercial driver's license statute regarding a lifetime suspension is applicable to the one-year suspension statute under the same logic used in *Bienek*. Further, Hamre fails to recognize that administrative suspension of his license is separate from criminal proceedings concerning his DUI charge. *See State v. Storbakken*, 552 N.W.2d 78, 82 (N.D.1996). Lastly, Hamre's argument that his case is somehow distinguishable from *Bienek* since Bienek did not challenge his DOT suspension is of no consequence because both *Bienek* and the instant case directly address whether an administrative suspension may be a conviction.

[¶ 14] Hamre's May 28, 2012 administrative suspension of his noncommercial driving privileges is a "conviction" under N.D.C.C. § 39–06.2–10(7) (2011), as established in *Bienek*.

V

[¶ 15] Hamre alleges N.D.C.C. § 39–06.2–10(7) (2011) is void for vagueness because the definition of "conviction" is different in sections 39–06.2–02(8) and 39–06–30, N.D.C.C. When a law is challenged for vagueness, this Court has said:

"All laws must meet two requirements to survive a void-for-vagueness challenge: (1) the law must create minimum guidelines for the reasonable police officer, judge, or jury charged with enforcement of the statute; and (2) the law must provide a reasonable person with adequate and fair warning of the proscribed conduct. 'We review the statute to determine if these two dictates are clear under a "reasonable person" standard.' "

*City of Belfield v. Kilkenny*, 2007 ND 44, ¶ 10, 729 N.W.2d 120 (internal citations omitted). Although the void for vagueness argument was not addressed in *Bienek* because it was raised for the first time on appeal, *Bienek* nonetheless is controlling for Hamre's void for vagueness argument. This Court unambiguously held in *Bienek* that a "conviction" for the purpose of suspending driving privileges can arise from an administrative determination by DOT. *Bienek*, 2007 ND 117, ¶¶ 8–11, 736 N.W.2d 492. This directly addresses the statutory issues in the present case and eliminates any vagueness existing before *Bienek*.

[¶ 16] Hamre correctly stated in his brief that one needs to read *Bienek* to understand the full meaning of the term "conviction" as used in N.D.C.C. § 39–06.2–10(7). "[J]udicial interpretations clarifying vague or ambiguous [statutory] language may be taken into consideration in determining whether the public has been put on notice of the conduct proscribed." *State v. Schwalk*, 430 N.W.2d 317, 320–21 (N.D.1988) (concluding that when read in light of interpretive judicial decisions, a statute was not unconstitutionally vague and provided adequate notice of the proscribed conduct). The broad concept of "law" the public is charged with having notice of includes judicial interpretations of statutes. *See id.* This proposition controverts Hamre's assertion a statute is unconstitutionally vague if you must look to judicial precedent to correctly interpret the statute. Section 39–06.2–10(7), N.D.C.C. (2011), is not void for vagueness because ample notice of the law was given for a reasonable person to have known the consequences of an administrative conviction. DOT's order was in accordance with the law.

## VI

[¶ 17] Hamre requests attorney fees and costs under N.D.C.C. § 28–32–50(1), which states:

"In any civil judicial proceeding involving as adverse parties an administrative agency and a party not an administrative agency or an agent of an administrative agency, the court must award the party not an administrative agency reasonable attorney's fees and costs if the court finds in favor of that party and, in the case of a final agency order, determines that the administrative agency acted without substantial justification."

This Court has not ruled in Hamre's favor, and he is not entitled to attorney fees.

## VII

[¶ 18] We conclude Hamre sufficiently articulated all his issues on appeal, except that concerning the commencement date of his one-year commercial driver's license disqualification. We conclude that the administrative suspension of Hamre's non-commercial driving privileges is a "conviction" under N.D.C.C. § 39–06.2–10(7) (2011), that N.D.C.C. § 39–06.2–10(7) (2011) is not void for vagueness and that Hamre is not entitled to attorney fees. We affirm DOT's disqualification order.

[¶ 19] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, and CAROL RONNING KAPSNER, JJ., concur.

DALE V. SANDSTROM, J., concurs in the result.