2015 ND 128

**Todd Jason ROUNKLES, Petitioner and Appellant**

v.

**Grant LEVI, Director of the North Dakota Department of Transportation, Respondent and Appellee.**

No. 20140192.

Supreme Court of North Dakota.

May 27, 2015.

Rehearing Denied July 1, 2015.

Thomas F. Murtha IV, Dickinson, ND, for petitioner and appellant.

Michael T. Pitcher, Office of the Attorney General, Bismarck, ND, for respondent and appellee.

McEVERS, Justice.

[¶ 1] Todd Jason Rounkles appeals from a district court's judgment affirming a North Dakota Department of Transportation hearing officer's decision suspending his driving privileges for ninety-one days for driving under the influence. We affirm.

I

[¶ 2] A Stark County deputy sheriff stopped Rounkles' vehicle for failure to have an illuminated tail light. The deputy subsequently detected an odor of alcohol coming from the vehicle, and Rounkles admitted to drinking two beers that evening. Rounkles agreed to perform field sobriety testing, and the deputy sheriff administered the horizontal gaze nystagmus test. However, the results of this test were invalidated because of Rounkles' previous concussions. The deputy sheriff did not administer any other field sobriety tests because Rounkles stated he had "equilibrium problems." Rounkles was informed of the implied consent advisory and consented to a chemical test, which revealed Rounkles' alcohol concentration to be above the legal limit. Rounkles was arrested for driving while under the influence and was transported to the law enforcement center.

[¶ 3] At the law enforcement center, the deputy sheriff read Rounkles the implied consent advisory again, and Rounkles agreed to take a chemical breath test. The results of the breath test indicated a 0.101 alcohol concentration. Rounkles requested a hearing arguing the breath tests were warrantless searches. The North Dakota Department of Transportation hearing officer concluded Rounkles agreed to take both the onsite and the chemical breath tests, the chemical breath test was fairly administered, and the deputy sheriff had reasonable grounds to believe Rounkles had been driving under the influence. The hearing officer suspended Rounkles' driving privileges for ninety-one days. Rounkles petitioned for reconsideration of the hearing officer's decision. The hearing officer reviewed Rounkles' petition for reconsideration, but denied relief. On December 13, 2013, Rounkles filed a notice of appeal and specifications of error alleging three separate errors. In his specifications of error, Rounkles stated he "reserves the right to make additional specifications of error...." On January 13, 2014, the district court issued a briefing schedule, noting Rounkles' brief was due on or before February 2, 2014. Without filing any motion or notice of motion, on February 6, 2014, Rounkles filed an amended specifications of error, which included four separate arguments. Rounkles also filed a motion to extend the briefing schedule, which was granted by the district court.

The district court addressed all four arguments noted in the amended specifications of error in affirming the hearing officer's decision. Rounkles appealed to this Court.

## II

[¶ 4] On appeal, Rounkles argues the hearing officer erred in its decision to suspend his driving privileges because 1) the breath tests were unconstitutional searches in violation of state and federal constitutions, 2) North Dakota's implied consent law violates the unconstitutional conditions doctrine, 3) without the results of the preliminary breath test, the deputy sheriff would not have had probable cause to arrest him, and 4) the Intoxilyzer breath test was not fairly administered.

[¶ 5] This Court's review of the Department's decision to suspend a person's driving privileges is well established:

"This Court reviews the Department's decision to suspend a person's driving privileges under the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32." *McCoy v. N.D. Dep't of Transp.*, 2014 ND 119, ¶ 6, 848 N.W.2d 659 (citing *Painte v. Dir., Dep't of Transp.*, 2013 ND 95, ¶ 6, 832 N.W.2d 319). "We review the agency's decision on appeal from the district court. However, the district court's analysis is entitled to respect if it is sound." *Herrman v. N.D. Dep't of Transp.*, 2014 ND 129, ¶ 6, 847 N.W.2d 768 (citation omitted) (quotation marks omitted). An agency's decision is accorded great deference, when reviewed on appeal. *McCoy*, at ¶ 6. Under N.D.C.C. § 28-32-46, we must affirm an administrative agency's decision unless one of the following conditions applies:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

"We do not make independent findings of fact or substitute our judgment for that of the agency." *Fossum v. N.D. Dep't of Transp.*, 2014 ND 47, ¶ 9, 843 N.W.2d 282. Rather, we solely determine "whether a reasoning mind reasonably could have concluded the findings were supported by the weight of the evidence from the entire record." *Yellowbird v. N.D. Dep't of Transp.*, 2013 ND 131, ¶ 8, 833 N.W.2d 536. Once the facts are established, their significance presents a question of law, which we review de novo. *Bell v. N.D. Dep't of Transp.*, 2012 ND 102, ¶ 20, 816 N.W.2d 786. The "standard of review for a claimed violation of a constitutional right is de novo." *Martin v. N.D. Dep't of Transp.*, 2009 ND 181, ¶ 5, 773 N.W.2d 190.

*Beylund v. Levi*, 2015 ND 18, ¶¶ 7–8, 859 N.W.2d 403.

## III

[¶ 6] Rounkles argues the breath tests given were warrantless searches that violate his right to be free of unreasonable searches and seizures under the Fourth Amendment and N.D. Const. art. I, § 8. Rounkles argues based on the facts of this case he was coerced to give his consent by the reading of the implied consent advisories given prior to the tests. Rounkles does not allege any coercive circumstances, other than the penalties under N.D.C.C. ch. 39–20. We have previously concluded that being informed of the penalties under the State's implied consent law making refusal to take a test a crime does not amount to coercion to take a chemical test. *See Beylund*, 2015 ND 18, ¶ 15, 859 N.W.2d 403 (relying on *State v. Birchfield*, 2015 ND 6, 858 N.W.2d 302; *McCoy*, 2014 ND 119, 848 N.W.2d 659; *State v. Smith*, 2014 ND 152, 849 N.W.2d 599). We have likewise concluded that the implied consent advisory given prior to the onsite screening test alone is not coercive, merely by the reading of the advisory. *State v. Nagel*, 2014 ND 224, ¶ 12, 857 N.W.2d 374. Because Rounkles alleges no other coercive circumstances, other than the penalties under N.D.C.C. ch. 39–20, we conclude he voluntarily consented to the tests. As consent is an exception to the warrant requirement, the tests do not violate either the Fourth Amendment or N.D. Const. art. I § 8. *See State v. Swenningson*, 297 N.W.2d 405, 407 (N.D.1980).

## IV

[¶ 7] Rounkles also argues North Dakota's implied consent law is unconstitutional as it violates the unconstitutional conditions doctrine. These precise issues have been recently considered and rejected by this Court. *See Beylund*, 2015 ND 18, ¶¶ 17–30, 859 N.W.2d 403. Rounkles' argument cites no new or persuasive authority requiring this Court to revise our decision in *Beylund*. As noted in *Beylund*, "the burden for overturning a statute is high, and we are not convinced the implied consent law is invalid under the unconstitutional conditions doctrine." *Id.* at ¶ 30. Rounkles' unconstitutional conditions argument also fails.

## V

[¶ 8] Rounkles argues that, if the preliminary breath test is suppressed, because the test violates the constitution, law enforcement lacked probable cause to arrest. Rounkles also argues the Intoxilyzer breath test was not fairly administered because law enforcement did not follow the state toxicologist's approved method.

[¶ 9] The Department argues that Rounkles waived these two issues because they were not included in his original notice of appeal and specifications of error. The Department relies on N.D.C.C. § 39–20–06, arguing the statute authorizing judicial review does not authorize amendment of the specifications of error and, even if amendment is allowed, the amendment was made outside the statutory period. This Court has not previously addressed whether specifications of error may be amended under N.D.C.C. § 39–20–06.

[¶ 10] Judicial review of a hearing officer's decision to suspend, revoke, or deny a driver's license is governed by N.D.C.C. § 39–20–06, and provides:

> Any person whose operator's license or privilege has been suspended, revoked, or denied by the decision of the hearing officer under section 39–20–05 may appeal within seven days after the date of the hearing under section 39–20–05 as shown by the date of the hearing officer's decision, section 28–32–42 notwithstanding, by serving on the director and filing a notice of appeal and specifi-

cations of error in the district court in the county where the events occurred for which the demand for a test was made, or in the county in which the administrative hearing was held.

"[A] person appealing to the district court from the Department's decision to suspend driving privileges must comply with the specification-of-error requirement of N.D.C.C. § 28–32–42(4)." *Hamre v. N.D. Dep't of Transp.*, 2014 ND 23, ¶ 8, 842 N.W.2d 865 (quoting *Daniels v. Ziegler*, 2013 ND 157, ¶ 7, 835 N.W.2d 852). In *Hamre*, this Court discussed the interplay between N.D.C.C. §§ 28–32–42(4) and 39–20–06:

> "Both statutes require the filing of specifications of error. To comply with the requirements of N.D.C.C. § 28–32–42(4), the specifications of error must 'identify what matters are truly at issue with sufficient specificity to fairly apprise the agency, other parties, and the court of the particular errors claimed.' *Vetter v. N.D. Workers Comp. Bureau*, 554 N.W.2d 451, 454 (N.D.1996). This Court stated that after its decision in *Vetter*, it would no longer tolerate imprecise or boilerplate specifications of error. *See generally id.* Boilerplate specifications of error are those that are general enough to apply to any administrative agency appeal. *Sonsthagen v. Sprynczynatyk*, 2003 ND 90, ¶ 14, 663 N.W.2d 161. This rationale has also been applied in driver's license suspension cases. *Id.* Furthermore, the same purpose for filing the specifications of error applies under both statutes—to prevent meaningless specifications of error. We recognize that compliance with the specifications-of-error requirement, because of the different time limitations for filing, may be more difficult under N.D.C.C. § 39–20–06, but this is for the legislature to address."

*Hamre*, at ¶ 8 (quoting *Dettler v. Sprynczynatyk*, 2004 ND 54, ¶ 15, 676 N.W.2d 799). In *Hamre*, this Court determined that issues not included in the specifications of error are not preserved for judicial review. *See id.* at ¶ 10. We have also stated that a party may not merely assert the right to reserve additional specifications of error pending review of the administrative hearing transcript. *Beylund*, 2015 ND 18, ¶ 11, 859 N.W.2d 403 (relying on *Isaak v. Sprynczynatyk*, 2002 ND 64, ¶¶ 4, 7, 642 N.W.2d 860). The only factual difference in the attempt to reserve issues here, than those in *Beylund*, is that here Rounkles filed an "Amended Specifications of Error." However, this document was filed well outside the seven-day period for filing the specifications of error under N.D.C.C. § 39–20–06 and was, therefore, not timely filed. As recognized in *Hamre*, it may be more difficult to identify the issues in the specifications of error due to the time limitations for filing, but this is for the legislature to address. *Hamre*, at ¶ 8.

[¶ 11] Because Rounkles' filing was untimely, we need not address whether N.D.C.C. § 39–20–06 allows for amendment of specifications of error. By not timely reserving the remaining issues, Rounkles waived his argument on these issues, and we decline to address them on appeal.

### VI

[¶ 12] We affirm the hearing officer's decision suspending Rounkles' driving privileges for ninety-one days.

[¶ 13] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.