Filed 1/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 9

Trent Allen Guthmiller, Appellant

v.

Director, North Dakota

Department of Transportation, Appellee

No. 20170300

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

REVERSED.

Opinion of the Court by Jensen, Justice.

Michael R. Hoffman, Bismarck, ND, for appellant.

Michael T. Pitcher, Office of the Attorney General, Bismarck, ND, for appellee.

Guthmiller v. N.D. Dep’t of Transp.

No. 20170300

Jensen, Justice.

[¶1] Trent Guthmiller appeals from a district court judgment affirming a North Dakota Department of Transportation (“DOT”) decision disqualifying his commercial driving privileges for 60 days.  Guthmiller argues the DOT misapplied the law in its application of N.D.C.C. § 39-06.2-10(15) by disqualifying his commercial driving privileges based on the commission of two serious traffic violations within three years rather than the conviction of two serious traffic violations within three years.  We reverse.

I

[¶2] In October 2016, the DOT notified Guthmiller that his commercial driving privileges were disqualified for 60 days because he had committed two serious traffic violations within the last three years.  Guthmiller committed the violations of speeding and aggravated reckless driving.  The speeding violation, for going 69 miles per hour in a 50 mile-per-hour zone, occurred on February 19, 2013, and Guthmiller was convicted on February 26, 2013.  The aggravated reckless driving violation occurred on March 14, 2015, and Guthmiller was convicted on October 24, 2016.  The violations occurred within three years, but the convictions were approximately three years and ten months apart.

[¶3] At the administrative hearing on his commercial driving disqualification, Guthmiller did not contest the commission of the violations.  The hearing officer determined the plain language of N.D.C.C. § 39-06.2-10(15) requires the convictions to take place within three years, not the commission of the violations.  Therefore, the hearing officer recommended Guthmiller’s commercial driving privileges not be disqualified because the convictions for Guthmiller’s two serious traffic violations occurred outside the three-year time period.

[¶4] The DOT director did not follow the hearing officer’s recommendation, concluded the violations must be committed within three years, and disqualified Guthmiller’s commercial driving privileges for 60 days.  The director determined the statute emphasizes the number of violations committed during the time period, not the date the individual was convicted of the violations.  The director also concluded the guidance on the relevant federal act provides that if three years have not elapsed since the original violation, the individual is subject to disqualification.

[¶5] Guthmiller appealed the DOT’s decision to the district court, arguing the disqualification was not in accordance with N.D.C.C. § 39-06.2-10(15).  The district court affirmed the DOT’s decision.  The district court determined the statute was ambiguous, looked outside the plain language of the statute, and concluded the legislative history and federal interpretation supported the DOT’s interpretation that the statute required the commission of two serious traffic violations within three years rather than two convictions of serious traffic violations within three years.  Guthmiller appealed the district court’s order affirming the DOT’s disqualification of his commercial driving privileges.

II

[¶6] Guthmiller argues the district court’s order is not in accordance with the law, and this Court must reverse Guthmiller’s commercial driving disqualification.  This Court reviews administrative agency decisions to suspend driving privileges under N.D.C.C. ch. 28-32 and accords great deference to the agency’s decision.  
Hamre v. N.D. Dep’t of Transp.
, 2014 ND 23, ¶ 5, 842 N.W.2d 865.  This Court must affirm an agency’s decision unless:

1.  The order is not in accordance with the law.

2.  The order is in violation of the constitutional rights of the appellant.

3.  The provisions of this chapter have not been complied with in the proceedings before the agency.

4.  The rules or procedure of the agency have not afforded the appellant a fair hearing.

5.  The findings of fact made by the agency are not supported by a preponderance of the evidence.

6.  The conclusions of law and order of the agency are not supported by its findings of fact.

7.  The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8.  The conclusions of law and order of the agency do not sufficiently explain the agency’s rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46.  Further, this Court held:

“Statutory interpretation is a question of law subject to full review upon appeal.”  
Harter v. N.D. Dep’t of Transp.
, 2005 ND 70, ¶ 7, 694 N.W.2d 677.  “When an ‘appeal involves the interpretation of a statute, a legal question, this Court will affirm the agency’s order unless it finds the agency’s order is not in accordance with the law.’”  
Id.
 (citation omitted).

Hamre
, at ¶ 6.

[¶7] Guthmiller argues the plain language of N.D.C.C. § 39-06.2-10(15) requires conviction, not the commission, of the two serious traffic violations to occur within three years to disqualify commercial driving privileges.  Section 39-06.2-10(15), N.D.C.C., provides:

An individual is disqualified from driving a commercial motor vehicle for a period of not less than sixty days if convicted of any combination of two serious traffic violations within a three-year period while operating a noncommercial motor vehicle, and either conviction results in the revocation, cancellation, or suspension of an operator’s license, including a commercial driver’s license.

[¶8] Guthmiller concedes he was convicted of two serious traffic violations as defined under N.D.C.C. § 39-06.2-02(30).  He argues he was not convicted of those two violations within the three-year period, as described in N.D.C.C. § 39-06.2-

10(15).  This Court has concluded:

A statute is ambiguous when it is susceptible to differing, but rational, meanings.  The interpretation of a statute is a fully reviewable question of law.  Statutes must be harmonized to give meaning to related provisions and must be construed in their plain, ordinary, and commonly understood meaning.  We interpret statutes in context to give meaning and effect to every word, phrase, and sentence in a statute.  We defer to the interpretation of a statute by the agency administering the law unless that interpretation contradicts clear statutory language. 

Doyle v. Sprynczynatyk
, 2001 ND 8, ¶ 10, 621 N.W.2d 353 (citations omitted).  “When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.”  N.D.C.C. § 1-02-05.

[¶9] Section 39-06.2-10(15), N.D.C.C., is not susceptible to different but rational meanings.  The plain statutory language requires the conviction of two serious traffic violations to occur within three years, not the commission.  The language of N.D.C.C. § 39-06.2-10(15) only refers to convictions for the calculation of the three-

year time period in which the DOT may disqualify commercial driving privileges for serious traffic violations.  There is no reference to the commission of a violation as a triggering event for calculating this time period.  Although the DOT argues the legislature adopted the statute to comply with a federal act, we conclude N.D.C.C. § 39-06.2-10(15) is free of all ambiguity.  The statute is unambiguous, and we may not disregard the letter of the law to pursue its spirit.  It is the legislature’s decision whether the conviction or the commission of a violation triggers the three-year time period for disqualification.  Therefore, the DOT’s decision disqualifying Guthmiller’s commercial driving privileges for 60 days was not in accordance with the law.

III

[¶10] We reverse the district court’s judgment and reinstate Guthmiller’s commercial driving privileges because the statute unambiguously requires two convictions within three years.

[¶11] Jon J. Jensen

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

VandeWalle, Chief Justice, concurring specially.

[¶12] I concur in the result.  I am concerned the majority opinion may not reflect the actual intent of the Legislature when it enacted N.D.C.C. § 39-06.2-10(15).  Although I believe it is possible to read “within a three-year period” to modify the term “violations” rather than “convicted” as the majority does, I concede that grammatically it would be a labored construction and we should not strain to find an ambiguity in order to overcome the dictates of N.D.C.C. § 1-02-05.  However, it seems exceedingly strange that a person charged, but not yet convicted, of a second offense within a three-year period of conviction of the first offense may, as here, avoid license suspension based solely on the date of trial for the second offense.  One might conclude the frequency of the offense rather than the date of trial would be the primary reason for suspending the license.

[¶13] My practical concern with the result we reach today is that it may encourage those who are convicted of a serious traffic offense and charged with the second serious offense within a three-year period to purposely attempt to delay the trial on the second offense so that a conviction for the second offense would not occur within three years of the first conviction.  Here, the offense occurred March 14, 2015, but conviction was not had until October 24, 2016, a period of more than 17 months.  The reason for the delay is not apparent on the face of the record before us, but judges and court personnel who are already cautioned about docket currency standards by N.D. Sup. Ct. Admin. R. 12 should be aware of the possibility of intentional delay in order to avoid license suspension.

[¶14] Gerald W. VandeWalle, C.J.