# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 232

Corey Lee Jundt,                                                                    Appellant

v.

North Dakota Department of Transportation,                          Appellee

## No. 20200115

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Chad R. McCabe, Bismarck, ND, for appellant.

Michael T. Pitcher, Assistant Attorney General, Bismarck, ND, for appellee.

# Jundt v. NDDOT
## No. 20200115

**Crothers, Justice.**

[¶1] Corey Jundt appeals from a district court judgment affirming an administrative hearing officer's decision to suspend Jundt's driving privileges for 180 days for driving under the influence. Jundt argues the hearing officer erred in suspending his driving privileges because the arresting officer failed to read him the implied consent advisory. We affirm, concluding the implied consent requirements of N.D.C.C. § 39-20-01 do not apply when an individual consents to a chemical test.

I

[¶2] In January 2020, Bismarck police officer Mark Muscha stopped Jundt for a traffic violation. Muscha investigated Jundt for driving under the influence of alcohol. Jundt consented to an onsite screening test, which indicated intoxication. Muscha arrested Jundt for driving under the influence. Jundt consented to an Intoxilyzer breath test; however, due to a miscommunication between Muscha and an assisting officer, Jundt was not read the implied consent advisory relating to chemical testing for driving under the influence after he was arrested. Jundt's breath test showed a blood alcohol concentration of 0.19 percent.

[¶3] The administrative hearing officer concluded the failure to read Jundt the implied consent advisory did not require suppression of the breath test results because Jundt consented to the test. The hearing officer suspended Jundt's driving privileges for 180 days. Jundt appealed, and the district court affirmed the hearing officer's decision.

II

[¶4] Our review of an administrative agency decision to suspend a person's driving privileges is governed by the Administrative Agencies Practice Act, N.D.C.C. ch. 28-32. *Hamre v. N.D. Dep't of Transp.*, 2014 ND 23, ¶ 5, 842 N.W.2d 865. We review the agency's decision in an appeal from the district

court. *Id.* Courts exercise limited review in appeals from administrative agency decisions, and the agency's decision is given great deference. *Id.* The deferential standard of review for an agency's findings of fact, conclusions of law and decision is anchored in the separation of powers doctrine. *People to Save the Sheyenne River, Inc. v. N. D. Dep't of Health*, 2005 ND 104, ¶ 22, 697 N.W.2d 319. We must affirm an agency's decision unless:

> "1. The order is not in accordance with the law.
> 2. The order is in violation of the constitutional rights of the appellant.
> 3. The provisions of this chapter have not been complied with in the proceedings before the agency.
> 4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
> 5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
> 6. The conclusions of law and order of the agency are not supported by its findings of fact.
> 7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
> 8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge."

N.D.C.C. § 28-32-46.

[¶5]   "Statutory interpretation is a question of law subject to full review upon appeal." *Hamre*, 2014 ND 23, ¶ 6. When an appeal involves statutory interpretation, this Court will affirm the agency's order unless it concludes the agency's order is not in accordance with the law. *Id.*

III

[¶6]   Jundt argues the Department of Transportation had no authority to suspend his driving privileges because the Report and Notice issued by Officer Muscha failed to show he was given the implied consent advisory. The Department contends Jundt waived this argument because he failed to raise this issue in his specifications of error in his appeal to the district court.

2

[¶7] Under N.D.C.C. § 39-20-06, a person may appeal the Department's decision to suspend driving privileges to the district court. A person appealing under N.D.C.C. § 39-20-06 must comply with the specification-of-error requirement of N.D.C.C. § 28-32-42(4). *Rounkles v. Levi*, 2015 ND 128, ¶ 10, 863 N.W.2d 910.

[¶8] Jundt failed to raise the issue relating to the Report and Notice in the specifications of error in his appeal to the district court. We decline to address Jundt's argument.

IV

[¶9] Jundt asserts that because he was not provided with the implied consent advisory for chemical testing under N.D.C.C. § 39-20-01(3)(a), the request for testing was not in compliance with N.D.C.C. § 39-20-01.

[¶10] Under N.D.C.C. § 39-20-01(1), a person operating a motor vehicle in this state "is deemed to have given consent, and shall consent, subject to the provisions of this chapter, to a chemical test . . . of the blood, breath, saliva, or urine for the purpose of determining the alcohol concentration or presence of other drugs . . . in the individual's blood, breath, saliva, or urine." The implied consent advisory is contained in N.D.C.C. § 39-20-01(3), and provides:

> "a. The law enforcement officer shall inform the individual North Dakota law requires the individual to take a chemical test to determine whether the individual is under the influence of alcohol or drugs and refusal of the individual to submit to a test directed by the law enforcement officer may result in a revocation of the individual's driving privileges for a minimum of one hundred eighty days and up to three years.
>
> b. If an individual refuses to submit to testing under this section, proof of the refusal is not admissible in any administrative proceeding under this chapter if the law enforcement officer fails to inform the individual as required under subdivision a."

Section 39-20-01(3), N.D.C.C., was amended in 2019. 2019 N.D. Sess. Laws ch. 322, § 3. The law as amended in 2019 applies to this case.

3

[¶11] Jundt contends this Court's decision in *Alvarado v. N.D. Dep't of Transp.*, 2019 ND 231, 932 N.W.2d 911, requires reversal of the hearing officer's decision and reinstatement of his driving privileges. In *Alvarado*, at ¶ 2, the driver refused a chemical test; however, he was only read a partial implied consent advisory that failed to inform him that refusing to take a test could be treated as a crime. We held "that a prerequisite to a determination that an operator has refused a request for testing is finding that the request for testing was made under N.D.C.C. § 39-20-01." *Id.* at ¶ 5.

[¶12] Jundt claims that under *Alvarado*, a properly administered chemical test under N.D.C.C. § 39-20-01 must include a reading of the implied consent advisory regardless of whether a person consents or refuses to take a test. We disagree.

[¶13] The version of N.D.C.C. § 39-20-01(3) under which *Alvarado* was decided, stated:

> "a. The law enforcement officer shall inform the individual charged that North Dakota law requires the individual to take a chemical test to determine whether the individual is under the influence of alcohol or drugs and that refusal of the individual to submit to a test directed by the law enforcement officer may result in a revocation of the individual's driving privileges for a minimum of one hundred eighty days and up to three years. In addition, the law enforcement officer shall inform the individual refusal to take a breath or urine test is a crime punishable in the same manner as driving under the influence. If the officer requests the individual to submit to a blood test, the officer may not inform the individual of any criminal penalties until the officer has first secured a search warrant.
>
> b. A test administered under this section is not admissible in any criminal or administrative proceeding to determine a violation of section 39-08-01 or this chapter if the law enforcement officer fails to inform the individual charged as required under subdivision a."

[¶14] The legislature added subsection b in 2015. 2015 N.D. Sess. Laws ch. 268, § 9. Under that version, this Court held "[t]he Legislature has made

4

chemical test results inadmissible under N.D.C.C. § 39-20-01(3)(b) unless the advisory requirements of N.D.C.C. § 39-20-01(3)(a) have been fulfilled, regardless of a person's 'voluntary consent.'" *State v. O'Connor*, 2016 ND 72, ¶ 12, 877 N.W.2d 312.

[¶15] Before the addition of N.D.C.C. § 39-20-01(3)(b) in 2015, this Court held the implied consent requirements of N.D.C.C. § 39-20-01 "[do] not apply when the driver consents to [chemical] testing." *Fossum v. N.D. Dep't of Transp.*, 2014 ND 47, ¶ 12, 843 N.W.2d 282; *see also City of Bismarck v. Hoffner*, 379 N.W.2d 797, 799 (N.D. 1985) (stating "[i]t appears axiomatic to this court that implied consent is unnecessary where actual consent is given"); *State v. Abrahamson*, 328 N.W.2d 213, 215 (N.D. 1982).

[¶16] The current version of N.D.C.C. § 39-20-01(3)(b) states, "If an individual refuses to submit to testing under this section, proof of the refusal is not admissible in any administrative proceeding under this chapter if the law enforcement officer fails to inform the individual as required under subdivision a." In the 2019 amendments, the legislature removed the consequences for failing to read the implied consent advisory from N.D.C.C. § 39-20-01(3)(b) unless the individual refuses a chemical test. The failure to read the advisory is significant in an administrative proceeding if the individual refuses a chemical test. The penalty for failing to read the implied consent advisory no longer applies when the individual consents to a chemical test.

[¶17] Under N.D.C.C. § 39-20-01(1), an individual consents to chemical testing by operating a motor vehicle. The implied consent advisory allows an individual to withdraw his or her consent and say "no" to a chemical test. However, when an arrested person agrees to chemical testing, the implied consent requirements of N.D.C.C. § 39-20-01 do not apply. Because Jundt consented to a chemical breath test, the hearing officer did not err in suspending Jundt's driving privileges.

## V

[¶18] Jundt's remaining arguments are not necessary to our decision or are without merit. We affirm the judgment upholding the hearing officer's decision to suspend Jundt's driving privileges.

[¶19] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte